Luis F. Silva Recio, Secretario del Trabajo de Puerto Rico, etc., querellante y recurrente, *v.* Mayagüez Outboard Motor Club, querellada y recurrida.

*Número:* R-76-251    *Resuelto:* 19 de octubre de 1976

Rafael A. Marzán Robles, Angel Alfonso Colón, Antonio Nieves Franquie, abogados del recurrente; Eugenio Sánchez Ruiz, abogado de la recurrida.

PER CURIAM: Los hechos de este caso dramatizan hasta qué punto puede la batalla de los tecnicismos obstaculizar que se investiguen a fondo los méritos de una reclamación. Se inició este litigio en abril de 1973 mediante querella sobre reclamación de salarios en que se invocó el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 a 3132. La querella fue presentada por el Secretario del Trabajo en interés del reclamante Carmelo Bartolomey. No obstante el propósito de dicho estatuto de acelerar el procedimiento y la decisión final—*cf. Sierra* v. *Tribunal Superior,* 81 D.P.R. 554 (1959); *Jaume* v. *Corte,*

61 D.P.R. 168 (1942)—tres años después de incoada la querella se debate aún la validez del emplazamiento de la querellada.

La causa está ante nos en virtud de recurso instado por la parte querellante para que revisemos la sentencia dictada el 27 de mayo de 1976 por el Tribunal Superior, Sala de Mayagüez, que desestimó la querella sin haber pasado sobre sus méritos, y a base exclusivamente de que, a juicio del tribunal sentenciador, la querellada nunca fue emplazada adecuadamente en los tres años de vida del litigio.

Por resolución de 4 de agosto de 1976 requerimos de la querellada que mostrara causa por la cual no debíamos expedir el auto de revisión solicitado y revocar. La querellada ha comparecido pero no nos convence. Considerados los hechos de este caso y el Derecho aplicable, no puede sostenerse la sentencia recurrida.

Veamos los hechos. La querella se presentó en abril de 1973. Se alegó que el querellante trabajó como celador, cantinero y conserje para la querellada, que operaba un club privado, y no le pagó a base del salario mínimo a que tenía derecho, adeudándole $3,337 por ese concepto. Se sirvió el emplazamiento o citación que dispone el procedimiento sumario de la citada ley de 1961 en la persona de un ex presidente del "club". El club no compareció y a solicitud de la parte querellante se dictó sentencia contra la querellada el 26 de julio de 1973, notificada por correo a las partes el 2 de agosto siguiente.

El 14 de agosto de 1973 la querellada impugnó la jurisdicción del tribunal a base, entre otras razones, de que la persona emplazada no podía recibir emplazamientos a nombre de la querellada. El 31 de octubre de 1973 se señaló para vista la moción de la querellada, que se celebró el 26 de noviembre de 1973, fecha en que se dejó sin efecto la sentencia a base únicamente, y así lo hizo constar el tribunal en su resolución, de que "el demandado nunca fue emplazado."

Evidentemente el tribunal entendió que la querellada se había sometido a su jurisdicción y señaló el caso para vista para el 20 de febrero de 1974.

El 16 de enero de 1974, inexplicablemente otro juez del tribunal dejó sin efecto dicho señalamiento y concedió 30 días a la parte querellante para que emplazara a la querellada. La parte querellante protestó de dicha orden, hubo varios incidentes, y finalmente se expidió nuevo emplazamiento o citación el 24 de junio de 1974. El emplazador notificó esta vez al contable de la entidad querellada. Volvió la querellada a comparecer para impugnar nuevamente el emplazamiento. Se señaló una vista sobre ello para el 4 de noviembre de 1974, pero en el ínterin la parte querellante gestionó y obtuvo un nuevo emplazamiento a ser diligenciado en la persona de José Luis Annoni como presidente del club querellado.

Se emplazó al Sr. Annoni, pero se hizo más de diez días después de expedido el emplazamiento, en contravención de una orden del tribunal que dispuso que el diligenciamiento se hiciera en diez días. Esto motivó que la parte querellante tuviera que iniciar nuevamente el trámite de emplazar a la querellada. Así se hizo, y esta vez la querellada atacó la validez del emplazamiento amparándose en otra razón que pasamos a exponer.

La Ley Núm. 112 de 12 de julio de 1960, 4 L.P.R.A. sec. 366, autoriza al Administrador de los Tribunales a designar, a solicitud del Secretario del Trabajo, a uno o más funcionarios o empleados del Departamento del Trabajo para que actúen como alguaciles auxiliares en el diligenciamiento de emplazamientos y en la ejecución de sentencias en los casos incoados en los tribunales por abogados del Departamento del Trabajo para hacer efectiva la legislación protectora del trabajo. Dispone dicha ley que el Secretario del Trabajo "deberá notificar previamente al Juez Administrador y al alguacil en propiedad de la sala correspondiente del Tribunal de

Primera Instancia el nombre del alguacil auxiliar que intervendrá en cada caso."

La persona que emplazó finalmente al funcionario de la querellada había sido nombrado alguacil auxiliar conforme a dicha disposición de ley, pero el Secretario del Trabajo omitió notificarlo por escrito al Juez Administrador y al alguacil en propiedad del Tribunal Superior, Sala de Mayagüez. Con base en esa omisión se atacó la validez del emplazamiento. No se alega que la persona emplazada no estuviera autorizada a recibir emplazamientos y citaciones a nombre de la querellada.

El tribunal de instancia entendió que no fue válido el emplazamiento y que, debido al tiempo transcurrido desde la presentación de la querella, debía ordenar, como ordenó, su desestimación. Se amparó en nuestras decisiones en *Heftler Const. Co.* v. *Tribunal Superior*, 103 D.P.R. 844 (1975); *Madera Meléndez* v. *Negrón*, 103 D.P.R. 749 (1975) y *Fine Art Wallpaper* v. *Wolff*, 102 D.P.R. 451 (1974).

Ciertamente nos preocupa, y siempre nos ha preocupado, que la indolencia de una o de ambas partes en un litigio pueda frustrar el propósito de que se haga justicia rápida. Nuestras decisiones han estado dirigidas a fortalecer el poder de las Salas de instancia para aligerar los procedimientos, si necesario fuere mediante la drástica sanción de decretar la desestimación y archivo de la demanda de la parte actora y, según sea el caso, eliminar las alegaciones de la parte demandada, declararla en rebeldía y resolver la causa en su contra. No vamos a aflojar esa norma en lo más mínimo. Pero tiene por necesidad que aplicarse en cada caso conforme a sus particulares hechos y perspectivas.

Sin duda acusa indolencia el comportamiento de la representación profesional de la parte querellante, que en tres años no ha podido superar los tecnicismos en el procedimiento de emplazar a la querellada. Y las argucias de la parte querellada, recurriendo al tecnicismo para negarse a

someterse a juicio, sugiere cuando menos poca fe en su posición en los méritos.

■ Estamos ante el reclamo de un obrero para que se le pague conforme a su derecho por el trabajo que realizó, según sus alegaciones. No podemos permitir que el juego de los tecnicismos le niegue su día en corte.

La parte querellada fue emplazada debidamente por lo menos cuando se notificó la demanda y la citación a su contable, y luego a su presidente. Bajo el procedimiento sumario de la Ley de 1961 citada, la orden de citación es válida si es diligenciada "en la persona que *en cualquier forma represente* [al] querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia." Sec. 3 de dicha ley, 32 L.P.R.A. sec. 3120. (Énfasis nuestro.)

■ El hecho que no se cumpliera con la disposición de la Ley Núm. 112 de 12 de julio de 1960, 4 L.P.R.A. sec. 366, que requiere que el nombramiento del alguacil auxiliar *ad hoc* para casos de salarios como el presente se notifique previamente al Juez Administrador y al alguacil en propiedad de la sala del tribunal en que penda el litigio, no constituye un obstáculo infranqueable para la validez del emplazamiento hecho por dicho alguacil auxiliar. Hemos examinado el historial legislativo del proyecto del Senado 603, que se convirtió en la Ley Núm. 112 de 1960 citada, y no hemos hallado indicio alguno de la intención legislativa respecto de tal requisito. Se pretendió, y así surge del informe de la Comisión del Trabajo del Senado, conferir a estos alguaciles especiales los mismos poderes conferidos a los alguaciles regulares para fines de este tipo especial de acciones. Véase *Diario de Sesiones*, vol. 13, tomo 3, pág. 1114 (1960). Es evidente que la notificación de cada nombramiento, en la forma dispuesta por dicha ley, logra un mayor orden administrativo y procura evitar conflictos entre funcionarios que han de ejercer iguales tareas. Nada hay en el historial legislativo que sirva de

apoyo a la drástica medida de invalidar lo actuado por uno de dichos alguaciles especiales por el hecho que no se hiciera la notificación. Lo importante es que hubiera sido designado como tal antes de actuar en tal capacidad y aquí se demostró que así fue.

*Se dictará sentencia por la que se expida el auto de revisión solicitado y, visto lo aquí expresado, se revocará la sentencia del Tribunal Superior, Sala de Mayagüez y se dispondrá que se ordene a la parte querellada contestar la querella sin más dilación y señalar el caso para juicio a la mayor brevedad posible.*