# 95 DTA 107

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II - BAYAMON**
**PANEL I**

BLANCA RODRIGUEZ ESTRADA
Demandante-Recurrida

v.

MARIO FELICIANO LOPEZ
Demandado-Peticionario

Núm. KLCE-95-00236

San Juan, Puerto Rico, a 22 de mayo de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo,
y los Jueces Cordero y Ortiz Carrión

Ramos Buonomo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, Mario Feliciano López, presentó un *"Escrito de Apelación"* el día 2 de marzo de 1995 ante el Tribunal de Circuito de Apelaciones. El recurso fue acogido como una petición de *certiorari* mediante resolución emitida por este Tribunal el 12 de abril de 1995.

La parte peticionaria solicita la revocación de una resolución dictada por el anterior

Tribunal Superior, Sala de Bayamón (Hon. Georgina Candal Segurola, J.), el 28 de diciembre de 1994. En dicha resolución, el tribunal sancionó a las abogadas de ambas partes imponiéndoles a cada una el pago de $100.00 a favor del Estado Libre Asociado de Puerto Rico, por haber incumplido ciertas órdenes que había dictado el 23 de noviembre de 1994.

Los errores señalados por el peticionario son los siguientes:

*"PRIMER ERROR: Erró el Honorable Tribunal al dictar Resolución imponiendo sanción a la representación legal del Demandado por no cumplir con los inicios [sic] a y b de la Resolución de la cual se recurre y no permitir prueba de la Parte Demandada de que el Garaje Gulf se adquirió con bienes privativos del Demandado presumiéndose éste un bien ganancial.*

*SEGUNDO ERROR: Erró el Honorable Tribunal al exigir se estipulase la fecha en que comenzó una comunidad de bienes, cuando esa [sic] es una de las controversias del pleito de autos."*

La parte recurrida presentó una *"Moción Secundando Escrito de Apelación y Aclaratoria de Puntos"* mediante la cual se une a los señalamientos de error de la parte recurrente alegando sustancialmente que las partes cumplieron, hasta donde ello fue posible, con las órdenes impartidas por el Tribunal.

Las partes alegaron, en síntesis, que el tribunal sancionó a las representaciones legales por no haber podido llegar a acuerdos sobre asuntos que se encuentran en controversia por lo que la resolución emitida por el tribunal tenía el efecto de obligar a transar y estipular asuntos que son el eje del pleito. Además, alegaron que erró el tribunal al imponer sanciones por no poder llegar a un acuerdo en cuanto a un tasador para unas prendas objeto de disputa ya que las mismas no están disponibles para ser tasadas. Por último, las partes alegaron que la prueba en torno al carácter privativo o ganancial del garaje Gulf objeto de controversia era testifical en su mayoría. Por ello, no procedía someter documentos que demostraran el carácter de los fondos utilizados para adquirir el mismo y por lo tanto, no procedían las sanciones impuestas por el tribunal por no haber presentado dichos documentos.

Examinado el recurso de *certiorari*, sus anejos, la ley y la jurisprudencia aplicable, expedimos el auto, resolvemos que los errores fueron cometidos y revocamos la resolución recurrida por los siguientes fundamentos.

# I

En el caso de epígrafe se presentó demanda el día 7 de mayo de 1993 sobre división de bienes de la sociedad legal de gananciales compuesta por las partes hasta el momento del divorcio y de la comunidad de bienes constituida durante el tiempo que convivieron antes de contraer matrimonio.

El 22 de octubre de 1993 se celebró una conferencia sobre estado del caso ante el Hon. Carlos De Jesús Rivera. En dicha conferencia la parte demandante-recurrida presentó un inventario de bienes que se recibió como documento provisional. Se señaló la conferencia con antelación al juicio para el 7 de marzo de 1994. El juez estableció que las partes debían traer un inventario de bienes para esa fecha. Las partes se reunieron y prepararon un inventario enmendado de bienes y lo presentaron durante la conferencia con antelación al juicio, celebrada el 7 de marzo de 1994, informándole al tribunal que existían algunos asuntos que requerían mayor discusión. El tribunal señaló una nueva conferencia con antelación al juicio para el 19 de septiembre de 1994.

Para esa fecha, estando la sala asignada entonces a la Hon. Georgina Candal Segurola, ésta

ordenó a las partes modificar el informe de conferencia con antelación al juicio presentado a los efectos de indicar la fecha en que las partes comenzaron a convivir, en que se desempeñaban durante el tiempo en que constituyeron una comunidad de bienes, cuándo término ésta, cuándo comenzó la sociedad legal de gananciales y establecer qué bienes eran de la comunidad y cuáles de la sociedad legal de gananciales. Reseñaló la conferencia para el 23 de noviembre de 1994. El 21 de noviembre de 1994 las partes sometieron un *"Informe Preliminar sobre Conferencia entre Abogados"*.

Durante la conferencia celebrada el 23 de noviembre de 1994, las partes lograron llegar a varios acuerdos sobre ciertos asuntos. Estipularon la fecha de radicación de la demanda de divorcio, el precio de venta de una residencia adquirida durante la vigencia del matrimonio, aceptaron que se instalaron unos gabinetes y se realizaron mejoras en el baño de dicha residencia. Estipularon, ademas, que el negocio *"Mario's Fast Food"* comenzó en octubre de 1991, con una cuenta de $10,000 y que el préstamo de $37,000 con el Banco de Santander era ganancial. Durante esta conferencia, el tribunal concedió a las partes un término para que sometieran una serie de documentos y que estipularan ciertos asuntos que estaban en controversia. Son estas órdenes las que dieron lugar a la resolución recurrida, a la que haremos referencia más adelante.

El 9 de diciembre de 1994, la parte demandada-peticionaria presentó una *"Moción Sobre Orden de Fecha 23 de Noviembre de 1994"* en la que informó al tribunal las gestiones que había realizado para poder cumplir con las órdenes emitidas■■

El 28 de diciembre de 1994, el tribunal emitió la resolución recurrida, que transcribimos a continuación:

## RESOLUCION

*"En la vista de Conferencia con Antelación al Juicio celebrada el 23 de noviembre de 1994 el Tribunal impuso una sanción de $50.00 a favor del E.L.A. a cada una de las partes por que [sic] no se había cumplido con órdenes [sic] del Tribunal del 19 de septiembre de 1994. El Tribunal en reconsideración accedió a dar oportunidad a las partes para que trajeran los documentos correpondientes. El Tribunal ordenó que:*

*(a) en diez (10) días las partes sometieran la fecha en que las partes comenzaron a convivir y las estipulaciones referentes a ésto.*

*(b) en quince (15) días las partes se pondrán de acuerdo en cuanto al tasador para las mejoras realizadas y para tasar las prendas.*

*(c) en quince (15) días la demandada informaría las mejoras que estipula.*

*(d) en quince (15) días la demandada sometería la prueba de que la compra del garaje Gulf se hizo con fondos privativos o no se permitirá someter dicha evidencia y se presumirá ganancial.*

*(e) en quince (15) días la demandante someterá evidencia de que los certificados de ahorro por $10,000 y por $5,000 se pagaron y a quien [sic] se pagaron.*

*(f) la parte demandante en quince (15) días someterá certificación del balance de la deuda con el Banco de Santander que es ganancial y se llevó a cabo en 1989.*

*La parte demandada el 9 de diciembre de 1994 radicó Moción sobre Orden de fecha 23 de noviembre de 1994 y se limita a informar la fecha del nacimiento del hijo mayor de las*

*partes el 30 de septiembre de 1985, y a indicar que solicitó información de cuentas de Paine Weber y de una caja de seguridad en el Banco Santander.*

*Las partes no han cumplido con la orden del 23 de noviembre de 1994 en el apartado a y b de esta orden. La parte demandante además no ha cumplido con el apartado e y f de esta Resolución. La parte demandada además no ha cumplido con el apartado c y d de esta Resolución.*

*Se impone a la representación legal de la parte demandante una sanción a favor del E.L.A. de $100.00 que pagará en 20 días. Se impone a la representación legal de la parte demandada una sanción de $100.00 a favor del E.L.A. que pagará en 20 días, Regla 37.3 de las de Procedimiento Civil. En adición a lo antes ordenado no se permitirá prueba de la parte demandada de que el garaje Gulf se adquirió con bienes privativos y se presume este [sic] es un bien ganancial, Regla 37.3 de las de Procedimiento Civil.*

*Se ordena a las partes a que en un término de 10 días muestren causa por las cuales [sic] no deban eliminarse las alegaciones de cada parte en relación con el apartado c por la parte demandada y a los apartados e y f por la parte demandante. Se ordena a las partes a que en 10 días informen al Tribunal las estipulaciones sobre los apartados a y b o se impondrán sanciones adicionales.*

*La representación legal notificará esta Resolución a la demandante Blanca Rodríguez y el demandado Mario Feliciano a tenor con Maldonado v. Secretario de Recursos Naturales [sic], 113 D.P.R. 494 (1982) e informaran [sic] en diez (10) días la dirección de dichas partes.*

*NOTIFIQUESE.*

*En Bayamón, Puerto Rico, a 28 de diciembre de 1994.*

*(firmado)*
*GEORGINA CANDAL*
*JUEZ TRIBUNAL SUPERIOR"*

Luego de emitida la resolución, la parte demandante-recurrida presentó en tiempo una moción solicitando reconsideración. Sometió la carta enviada al Banco de Santander solicitando información sobre las cuentas objeto de controversia e informó de otras gestiones realizadas con el Banco. En relación con la moción de reconsideración, el tribunal emitió la siguiente orden el 31 de enero de 1995:

*"SIN LUGAR, NO SE CUMPLIO CON TODO LO ORDENADO POR EL TRIBUNAL Y ERA LA SEGUNDA OPORTUNIDAD PARA HACERLO*

*NOTIFIQUESE.*

*FDO. GEORGINA CANDAL SEGUROLA"*

Las abogadas de las partes oportunamente pagaron las sanciones monetarias impuestas por el tribunal de instancia. Ambas partes han recurrido a este Tribunal solicitando la revocación de la resolución emitida el 28 de diciembre de 1994 por el tribunal.

**II**

La juez del tribunal de instancia sancionó a las partes, a tenor con la Regla 37. 3 de las de Procedimiento Civil█ y la Regla 5 (c) de las Reglas de Administración del Tribunal de

Primera Instancia,█ por no haber cumplido unas órdenes dictadas por el tribunal el 23 de noviembre de 1994.

Está claramente establecido que los y las miembros de la profesión legal tienen el deber de acatar las órdenes dictadas por un tribunal. En *Pueblo v. Vega Jiménez,* 121 D.P.R. 282, 287 (1988), nuestro Alto Foro expreso:

*"No hay duda de que, en virtud de lo dispuesto por el Canon 12 de Etica Profesional, 4 L.P.R.A. Ap. IX, los abogados les deben a los tribunales el respeto a las órdenes que les son dirigidas en la consecución de los pleitos, exigiéndose de ellos asistencia puntual y el despliegue de todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de los casos".* Véase *Acevedo v. Compañía Telefónica de P.R.,* 102 D.P.R. 787, 791 (1974).

En dicho caso, refiriéndose a las reglas que autorizan la imposición de sanciones, el Tribunal indica que:

*"Dichas disposiciones tienen el saludable propósito de evitar indebidas dilaciones en las disposiciones de los asuntos, así como la acumulación excesiva de casos en los calendarios de los tribunales."*

En el caso de epígrafe, el tribunal de instancia impuso sanciones a las abogadas de las partes por no cumplir órdenes que las obligaban a estipular asuntos que se encuentran en controversia entre las partes.

En el informe de la Conferencia con Antelación al Juicio, sometido por las partes el 21 de noviembre de 1994, constan, como controversias existentes entre las partes, asuntos mencionados en los incisos de la resolución recurrida.█ Así, existe controversia entre las partes sobre las prendas y su valor, las mejoras realizadas a las propiedades de la sociedad legal de gananciales, las cuentas en el Banco de Santander y sobre el carácter de los fondos con los cuales se adquirió el garaje Gulf.

Tomamos conocimiento de la carga que representa para los jueces y las juezas el manejo de los procedimientos litigiosos, especialmente los de liquidación de bienes sustanciales de una extinta sociedad legal de gananciales y comunidad de bienes. El Tribunal Supremo ha reiterado en múltiples ocasiones la necesidad de que el juez o la jueza del tribunal de instancia tome el control sobre el proceso de descubrimiento de prueba en aquellos casos con multiplicidad de partes o controversias de hechos o derecho complejas y técnicas. *Vellón v. Squibb Mfg., Inc.,* 117 D.P.R. 838, 849, 850 (1986). Véanse, además: *Medina Morales v. Merck, Sharpe & Dohme Química de Puerto Rico. Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 52,** a la pág. 11787; *Amaro González v. First Federal Savings Bank,* ___ D.P.R. ___ (1993), **93 J.T.S 46,** a las págs. 10545-10546.

No obstante, ello no significa que su autoridad pueda extenderse para obligar a las partes a estipular asuntos en controversia mediante la imposición de sanciones. Es parte de la función judicial resolver aquellos asuntos sobre los cuales las partes no han podido llegar a un acuerdo.

No es el propósito de la Regla 37.3 de las de Procedimiento Civil, ni de la Regla 5 (c) de las Reglas de Administración del Tribunal de Primera Instancia, antes citadas, imponer sanciones a las representaciones legales de las partes por no poder estipular asuntos o controversias.

El tribunal, entre otras cosas, ordenó a las partes estipular la fecha en que comenzaron a

convivir y cuándo comenzó la sociedad legal de gananciales. No obstante, dichas fechas surgen de la alegaciones 1. y 2. de la demanda, aceptadas éstas en la contestación a la demanda. No procedía, por tanto, sancionar a las representaciones legales de las partes por alegadamente haberse negado a llegar a un acuerdo sobre unos asuntos que ya habían sido estipulados.

Por otra parte, la determinación tomada por el tribunal de instancia a efectos de que no admitiría prueba para demostrar que el garaje Gulf se adquirió con bienes privativos y de que eliminaría las alegaciones contenidas en los incisos (c), (e) y (f) de la resolución recurrida de no cumplirse con las órdenes, tiene el efecto de desestimar alegaciones de las partes. Sobre este particular, el Tribunal Supremo de Puerto Rico ha resuelto que sólo deben desestimarse alegaciones en casos extremos en que no haya duda de la irresponsabilidad o contumacia de la parte contra la cual se toman las sanciones. *Amaro González v. First Federal Savings Bank, supra; Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817 (1980); *Srio. del Trabajo v. Mayaguez O.M. Club,* 105 D.P.R. 279, 283 (1976); *Acevedo v. Compañía Telefónica de Puerto Rico,* 102 D.P.R. 787, 791 (1974).

En el caso de epígrafe, no procede la desestimación de las alegaciones contenidas en los incisos (c), (e) y (f) de la resolución recurrida, ni de la alegación en relación con el carácter privativo del garaje Gulf. Es una medida demasiado drástica, tomada sin que se haya dado una situación de irresponsabilidad o contumacia extrema.

El tribunal de instancia declaró sin lugar la moción de reconsideración presentada por la parte demandante e indicó que no se cumplió con todo lo ordenado a pesar de que era la segunda oportunidad para hacerlo. Esta aseveración no es correcta, ya que las órdenes que alegó fueron incumplidas surgen únicamente de la minuta de la conferencia celebrada el 23 de noviembre de 1994.█

Resolvemos que el primer error señalado por el peticionario fue cometido. Erró el tribunal de instancia al imponer sanciones a las abogadas de las partes por alegadamente no llegar a un acuerdo sobre la fecha en que las partes comenzaron a convivir (cuando ésta ya había sido estipulada) y por no poder llegar a un acuerdo sobre un tasador para las mejoras y las prendas, pues existe controversia sobre las mejoras realizadas a las propiedades de la extinta sociedad legal de gananciales y sobre la disponibilidad de las prendas para su tasación.

Asimismo, resolvemos que erró el tribunal al prohibirle al peticionario-demandado presentar prueba sobre el carácter privativo del garaje Gulf objeto de controversia.

La afirmación del peticionario, en su segundo señalamiento de error, al efecto de que erró el tribunal al exigir que las partes estipularan la fecha en que comenzaron a convivir ya que dicha fecha es una de las controversias del pleito, es parcialmente correcta. Como hemos discutido anteriormente, la fecha en que las partes comenzaron a convivir había sido previamente estipulada por las partes puesto que en la contestación a la demanda se aceptó el párrafo 1. de la demanda. Allí se afirmó que las partes habían convivido consensualmente desde enero de 1983 y que contrajeron matrimonio el 18 de diciembre de 1985. Por lo tanto, el asunto no está en controversia entre las partes.

Resolvemos que erró el tribunal de instancia al imponer una sanción a las abogadas del caso de epígrafe por negarse a estipular la fecha en que las partes comenzaron a convivir.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se revoca la resolución recurrida.

Así lo pronunció el Tribunal y lo certifica la Secretaria General.

### ESCOLIOS 95 DTA 107

**1.** Entre otras cosas, sometió evidencia de haber solicitado información sobre varias cuentas a Paine Webber y de haber solicitado del Banco de Santander copia de la tarjeta de acceso a la caja de seguridad donde se encontraban las prendas objeto de controversia. Además informó que ofrecería prueba testifical para describir las prendas y que presentaría a un joyero para establecer su valor.

**2.** *"Sanciones:*

*Si una parte dejare de comparecer, se negare a participar o compareciere sin estar debidamente preparada, a una conferencia preliminar al juicio o a la conferencia entre abogados, o incumpliere cualquier orden del tribunal, éste podrá desestimar la demanda, eliminar alegaciones del demandado, condenar al pago de costas y honorarios de abogado o dictar cualquier otra orden que fuere justa."* 32 L.P.R.A., Ap. III.

**3.** 4 L.P.R.A., Ap. II-A. El texto de dicha regla es similar al de la citada regla de Procedimiento Civil.

**4.** En dicho informe, aparecen como controversias de la parte demandante:

*"5. Si mientras las partes estuvieron conviviendo en comunidad y/o matrimonio se construyó una segunda planta en la propiedad privativa localizada en la Calle 27 Número 45, Bloque 33, Urb. Santa Rosa, de ser así, si esas mejoras, ante la situación de hechos de este caso, si son gananciales; si existe un crédito a favor de la Demandante por mejoras que se realizaron en la propiedad privativa localizada en la Calle 21 Número 45, Bloque 33, Urbanización Santa Rosa, Bayamón.*

...............

*7. Existencia de prendas enumeradas por el Demandado en listado a manuscrito; el carácter de cada una de las prendas cuya existencia se establezca; si son ganancial [sic] o privativa [sic]; si la Demandante dispuso del dinero obtenido de las prendas en beneficio de la Sociedad Legal de Gananciales; si el Demandado tiene un crédito por el dinero obtenido y dispuesto de las prendas vendidas.*

*8. Disposición de dinero retirado por el Demandado de Certificación de Déposito de $10,000 que existía en el Banco Santander de Puerto Rico, certificado número 005-10088800, si éste fue retirado.*

*9. Si el garaje "Los Angeles Gulf" era de origen privativo o de la comunidad de bienes gananciales; si el producto de la venta del garaje era ganancial o privativo; disposición del dinero obtenido producto de la venta del garaje, si el mismo es ganancial; si la Demandante tiene un crédito por su participación en lo obtenido en la venta del garaje."* *"Informe Preliminar Sobre Conferencia Entre Abogados"*, a la pág. 4.

*Como controversias de la parte demandada, aparecen las siguientes:*

*"1. si existió una comunidad de bienes entre las partes.*

...............

*4. La responsabilidad de la Demandante por las prendas privativas del demandado que la demandante tuvo bajo su control, disponiendo de ellas."* *Id.*, a la pág. 5.

**5.** Las órdenes emitidas el 19 de septiembre de 1994 eran, con excepción de la estipulación sobre la fecha en que las partes comenzaron a convivir, distintas a las emitidas el 23 de noviembre, según se desprende de la minuta de la reunión celebrada el 19 de septiembre. Debemos señalar que la fecha en que comenzó la comunidad de

bienes, la fecha en que comenzó la sociedad legal de gananciales y la fecha de divorcio ya habían sido estipuladas, pues formaban parte de las alegaciones 1 y 2 de la demanda, las cuales fueron aceptadas en la contestación a la demanda.