SPEAR CONSTRUCTION, S.E.
Apelada

v.

BANCO CENTRAL HISPANO, P.R.
Apelante

v.

RAFAEL OLIVENCIA LLAVONA, SU ESPOSA ANA M. ACABA ACEVEDO Y LA SOCIEDAD DE GANANCIALES POR AMBOS COMPUESTA
Apelados

Núm. KLAN- 95-00409

San Juan, Puerto Rico, a 21 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Aponte Jiménez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, Banco Central Hispano-P.R., recurre de la sentencia dictada por el foro de instancia que le desestimó la demanda que presentó contra el demandado recurrido, Rafael Olivencia Llavona, su esposa y la sociedad legal de gananciales compuesta por ambos, al igual que le eliminó las alegaciones de la contestación a la demanda en otro caso donde figura como demandante el recurrido, Spear Construction, S.E., ello de conformidad y al amparo de la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap III, R. 39.2. Ambos casos, esto es, la demanda presentada por el Banco contra Olivencia Llavona y la de Spear Construction S.E. contra el Banco, habían sido previamente consolidados.

Los eventos que promueven el dictamen recurrido sobrevienen de la manera siguiente: Ante la Sala de Mayaguez del entonces Tribunal de Distrito, el peticionario, Banco Central Hispano Puerto Rico, en adelante el *"peticionario"*, presentó demanda contra los demandados-recurridos, Rafael Olivencia Llavona, su esposa y la sociedad legal de gananciales compuesta por ambos, en adelante, *"Olivencia Llavona"*. De otro lado, la demandante-recurrida Spear Construction, S.E., en adelante, *"Spear Construction"*, demandó al Banco peticionario en caso separado presentado ante la Sala de San Germán del Tribunal de Distrito. Ambos casos se consolidaron y trasladaron a la Sala de San Juan del Tribunal de Distrito. Nada de lo anterior es motivo de controversia.

Señalada para tener efecto la conferencia con antelación a juicio, el abogado que ostentaba la representación legal del peticionario no compareció aún cuando tenía conocimiento del señalamiento. El juez de instancia le dictó orden para que mostrara causa por la cual no debía ser sancionado. Le concedió cinco (5) días para ello. Posteriormente, y ante el incumplimiento de lo ordenado, se le concedió término para comparecer a mostrar causa por la cual no *"debe[ría] desestimar[se]"* la demanda del Banco. A la vez se le ordenó notificar a su representado con copia de la orden dictada a esos fines. La injustificable inacción del abogado, en ocasiones motivo para iniciar acción disciplinaria en su contra, provocó que el juez de instancia le impusiera $200.00 como sanción económica. Nuevamente se le ordenó notificar a su representado y se le apercibió con la desestimación de no cumplir con la orden. A esta última providencia la representación legal del peticionario correspondió. Depositó la sanción económica impuesta. Después de ello siguió la recurrida Spear Construction con moción solicitando la desestimación de la demanda del Banco contra Olivencia Llavona. Adujo como fundamento y destacó el incumplimiento del abogado del peticionario a las

órdenes dictadas por ese foro. Compareció luego el abogado del peticionario y solicitó se le relevara de continuar representándolo.

Así las cosas, en fecha subsiguiente a la de los eventos reseñados, el foro de instancia desestimó la demanda presentada por el peticionario contra Olivencia Llavona. Señaló fecha para ventilar la reconvención presentada por éste al contestar la demanda y a la vez vista en rebeldía en cuanto a la demanda presentada por Spear Construction contra el Banco peticionario. Declaró sin lugar la solicitud para que reconsiderase su dictamen. De esa determinación recurre el peticionario ante nos. Solicitó, coetáneamente, en auxilio de nuestra jurisdicción, que ordenásemos la paralización de las vistas señaladas.

Mediante orden de fecha 28 de abril de 1995 accedimos a la solicitud del peticionario. En auxilio de nuestra jurisdicción apelativa ordenamos la paralización de los procedimientos en lo concerniente a la vista señalada para ventilarse la reconvención de Olivencia Llavona y la demanda de Spear Construction. Intimamos a los recurrentes, Spear Construction y Olivencia Llavona, para que mostraran causa por la cual no deberíamos revocar la sentencia recurrida. Le concedimos a esos fines veinte días contados a partir de la notificación de nuestra orden. El plazo concedido venció sin que los recurrentes hayan comparecido ni solicitado prórroga. Comoquiera, estamos en condiciones de resolver a base de la documentación incluida por el peticionario conjuntamente con su escrito solicitando se expida auto de *certiorari*.

El presente recurso es susceptible de ubicarlo dentro del lenguaje mandatorio acentuado por el Tribunal Supremo en *Maldonado v. Secretario de Recursos Naturales,* 113 D.P R 494 (1982). Conforme la norma judicial allí expuesta el criterio rector que en primer término prevalece, una vez establecida la omisión del abogado de una parte en cumplir con las órdenes de un tribunal, es imponer sanciones al abogado. *"Si dicha acción disciplinaria no produce frutos positivos, **procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo después que la parte haya sido debidamente informada y o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida".* Id.* (Enfasis suplido.) Al adoptar ese enfoque se armoniza en fino y justo balance el derecho que por un lado tiene todo litigante a tener su día en corte para resolver los méritos de su reclamo y por el otro, la garantía de que las órdenes del tribunal se van a cumplir a los fines de que los asuntos ante su consideración puedan ventilarse prontamente y sin demora.

Estamos conscientes que la norma general mediante la cual todo litigante responde y le obligan las omisiones de su representante legal, aún prevalece. *Díaz v. Tribunal Superior,* 93 D.P.R. 79 (1988). Sin embargo, ello no impide que cada caso deba evaluarse y resolverse según sus circunstancias particulares sobre todo cuando se trata de conducta que culmina con la desestimación o la eliminación de las alegaciones de una parte como resultado de actuaciones imputables a su abogado. *Acevedo v. Compañía Telefónica de Puerto Rico,* 102 D.P.R. 787 (1974); *Secretario del Trabajo v. Mayaguez O.M. Club,* 105 D.P.R. 279, 783 (1976). Ausente elementos de los cuales se pueda colegir el desinterés y la abdicación de una parte para continuar con su reclamo, los tribunales no deben acudir a la rigurosa y extrema sanción de la desestimación particularmente cuando esa parte desconoce el status de los procedimientos seguidos que suscita semejante resultancia. *Arce v. Club Gallístico,* 105 D.P.R. 305 (1976).

Las circunstancias presentes en el caso que ocupa nuestra atención revelan que las órdenes emitidas por el foro de instancia iban todas dirigidas al abogado del peticionario. La primera le requirió para que mostrara causa por la cual no debía el tribunal sancionarlo por su incomparecencia a la conferencia con antelación a juicio y haber impedido que se celebrara la conferencia preliminar entre abogados. La segunda le apercibió con desestimar la demanda del Banco de no comparecer a excusar su incumplimiento. La tercera le impuso una sanción

económica y le apercibió con desestimar la demanda de no cumplir con la orden de notificar a su representado. Si bien es cierto que en las dos últimas órdenes se le requirió al abogado que notificara a su representado, de los autos no surge que lo haya hecho ni tampoco que el tribunal hubiese en su lugar notificado al peticionario con copia de las órdenes dictadas.

Ante esos hechos y circunstancias que encajan perfectamente en los criterios antes enunciados no podemos avalar la determinación del foro de instancia que desestima la demanda del peticionario presentada contra Olivencia Llavona y, además, le elimina las alegaciones incluidas en la contestación a la demanda que en su contra presentó Spear Construction. Consideramos que se ajusta mejor a los principios antes reseñados, adoptados por el Tribunal Supremo como rectores ante circunstancias similares a las que nos ocupan, que dejemos sin efecto la Sentencia Parcial y Orden dictada el 21 de marzo de 1995 contra el peticionario y en su lugar ordenemos que se continúen con los procedimientos a tono con lo aquí resuelto.

Por los motivos que anteceden se expide el auto solicitado y se revoca la Sentencia Parcial dictada por el tribunal de instancia que al amparo de la Regla 39.2 de Procedimiento Civil desestima la demanda presentada por el peticionario en el caso 94-06137 de dicho foro y le elimina las alegaciones de la contestación a la demanda en el 93-14044.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General