# 99 DTA 132

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE BAYAMON
### PANEL I

FELIX G. GUARDIOLA MARQUEZ, LORRAINE JUARBE SANTOS, POR SI Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS
Demandantes-Recurridos

v.

ARQUITECTO JOSE G. BARALT, SU ESPOSA, WANDA CAMPOS, POR SI Y LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN; INGENIERO ANDY RICHNER, SU ESPOSA, MARIA CECILIA MALDONADO, POR SI Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES QUE AMBOS COMPONEN; ROBERTO ROBINSON, SU ESPOSA, WANDA SEPULVEDA, POR SI Y LA SOCIEDAD

LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; SUSAN COURT DEVELOPMENT, INC., Y SU COMPAÑIA DE SEGUROS "ABC"
Co-demandados-Recurrentes

COOPERATIVA DE AHORRO Y CREDITO DEL REPARTO METROPOLITANO; ARQUITECTO DESARROLLADOR FERNANDO REDONDO, SU ESPOSA, JOAN DOE, POR SI Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES QUE AMBOS COMPONEN
Demandados

Núm. KLCE-98-00616

San Juan, Puerto Rico, a 23 de marzo de 1999

Panel integrado por su Presidente, Juez Sánchez Martínez, la Jueza Cotto Vives y el Juez Urgell Cuebas

*Per Curiam*

**TEXTO COMPLETO DE LA SENTENCIA**

Los demandados, aquí peticionarios, recurren de una resolución interlocutoria dictada en corte abierta el 3 de

junio de 1998 mediante la cual se les anotó la rebeldía por no haber contestado la demanda y en la que se les impuso como condición para el relevo de tal anotación el pago de quinientos dólares de sanción a cada uno de los demandados y demandadas que totalizan cinco mil dólares.

Indicaron en su petición que presentaron una moción de reconsideración, pero que sin esperar por la resolución del Tribunal de Primera Instancia, el 9 de junio de 1998 acudieron en *certiorari* ante nos porque la orden de pago de sanciones como condición para dejar sin efecto la anotación de la rebeldía, vencía el 15 de junio de 1998. Por esta misma razón es que solicitaron conjuntamente una orden de paralización en auxilio de nuestra jurisdicción.

El 17 de junio de 1998 desestimamos el recurso por prematuro, ya que, por tratarse de una resolución verbal, no se cumplió con el requisito de incluir en el apéndice del recurso copia de dicha resolución, no se acreditaron las gestiones que hizo la parte peticionaria para obtener del tribunal *a quo* que plasmara por escrito su resolución y tampoco se acompañó copia de la minuta de ese día. Dos días después, el 19 de junio de 1998, la parte peticionaria presentó una moción de reconsideración de este dictamen. A los fines de resolver su solicitud le ordenamos a la Secretaria General del Tribunal de Primera Instancia, Sala Superior de Bayamón, que elevara ante nosotros copia de la minuta de la vista judicial en la que se había impuesto la sanción impugnada, cosa que ésta hizo oportunamente.

Mientras tanto, la parte recurrida nos solicitó la desestimación del recurso a base de que la abogada de la parte peticionaria, Lcda. Nilda M. González Cordero, no había cancelado el impuesto forense del Colegio de Abogados a pesar de ser la primera comparecencia de la abogada en este caso.

Como la Lcda. González aceptó que el abogado que siempre compareció a nombre de los demandados ante el Tribunal de Primera Instancia no era ella sino el Lcdo. Juan Carlos Pou, constituyendo el escrito de *certiorari* su primera comparecencia en el pleito, procedimos a desestimar este recurso por falta de jurisdicción.

La parte peticionaria, mediante moción de reconsideración, adujo entonces que la moción de reconsideración presentada el 19 de junio de 1998 ante nosotros fue suscrita por el Lcdo. Juan Carlos Pou quien sí era el abogado de la parte peticionaria ante el Tribunal de Primera Instancia y quien ya había cancelado oportunamente el impuesto forense.

En ese momento, según la parte peticionaria, no había expirado el plazo de treinta días que tenía dicha parte para instar el recurso de autos.

El 18 de diciembre de 1998 acogimos favorablemente la moción de reconsideración presentada el 13 de noviembre de 1998 por la parte peticionaria. Resolvimos que la comparecencia del Lcdo. Juan Carlos Pou dentro del plazo de cumplimiento estricto de treinta días para presentar el recurso de *certiorari*, subsanó el defecto jurisdiccional de la no cancelación del sello forense. Dijimos que la resolución recurrida se dictó en corte abierta el 3 de junio de 1998 y aunque el recurso de autos no surtió efecto cuando se presentó el 9 de junio de 1998 por no haberse cancelado el impuesto forense que la ley requiere en la primera comparecencia de un abogado en los autos del caso, la comparecencia del Lcdo. Pou el 19 de junio de 1998 tuvo el efecto de constituir la fecha de presentación de este recurso. En ese momento (19 de junio de 1998), el recurso estaba en tiempo. Por esta razón, dejamos sin efecto nuestra resolución de 30 de octubre de 1998 que desestimó este recurso por falta de jurisdicción.

Así las cosas, y habiendo examinado la petición de *certiorari*, la minuta del 3 de junio de 1998 en la que consta la resolución recurrida, así como los demás escritos que las partes han presentado ante nosotros, le concedimos a la parte recurrida un plazo de veinte días para que compareciera a mostrar causa por la cual no

debíamos expedir el auto solicitado y modificar la sanción impuesta a los peticionarios por considerarla excesiva. La parte recurrida presentó su oposición pero limitándose a cuestionar nuestra facultad para considerar subsanado el defecto del impuesto forense.

Nada dice, sin embargo, en cuanto a si debíamos reducir o no la sanción impuesta a la parte peticionaria. Veamos los antecedentes procesales que llevaron al Tribunal de Primera Instancia a imponerle la sanción de quinientos dólares a cada uno de los demandados aquí peticionarios. Félix G. Guardiola, su esposa Lorraine Juarbe Santos y la sociedad de bienes gananciales compuesta por ambos instaron una acción de daños por los vicios ocultos relacionados con el suelo que tiene una estructura dedicada a vivienda que ellos adquirieron de la Cooperativa de Ahorro y Crédito de Reparto Metropolitano. En la demanda incluyeron como demandados a diseñadores, co-desarrolladores, co-dueños, arquitectos e ingenieros de la obra entre los cuales figuran los peticionarios, a saber, Arq. José Baralt y su esposa Wanda Campos, el Ing. Andy Richner y su esposa María Cecilia Maldonado, el Arq. Roberto Robinson y su esposa Wanda Sepúlveda, cada una de las tres sociedades de bienes gananciales constituidas por las parejas aquí mencionadas y contra la compañía Susan Court Development. Así, pues, la parte peticionaria se compone de un total de diez litigantes.

Aunque no consta la fecha en que se emplazaron a estos demandados, la realidad es que su primera comparecencia en los autos del caso fue el 16 de enero de 1998 mediante una moción suscrita por el Lcdo. Juan Carlos Pou en la que ellos, sin someterse a la jurisdicción del tribunal, solicitaron una prórroga no menor de 45 días a base de que necesitaban *"un amplio término para llevar a cabo las pruebas, estudios e investigaciones iniciales de rigor"*. Apéndice, a la pág. 49. El Tribunal de Primera Instancia les concedió la prórroga solicitada a vencer el 15 de abril de 1998. El 12 de febrero de 1998, el tribunal *a quo* también emitió una orden dirigida a los esposos Guardiola para que éstos permitieran a los demandados-peticionarios inspeccionar la estructura en cuestión.

Mientras tanto, ese mismo día, 12 de febrero de 1998, los demandados-peticionarios presentaron una moción informativa, esta vez sin hacer reserva de sumisión a la jurisdicción del tribunal *a quo*, en la que dieron cuenta de haberle enviado a los esposos Guardiola (la parte demandante) un primer pliego de interrogatorios y un requerimiento de producción de documentos. El 21 de abril de 1998, vencida ya la prórroga inicialmente concedida por el tribunal, los demandados-peticionarios solicitaron otra prórroga a base de que los esposos Guardiola no le habían contestado el primer pliego de interrogatorios cursados. También indicaron que no se habían hechos las inspecciones de la propiedad pero que se harían *"en las próximas dos o tres semanas"*. Al día siguiente, 22 de abril de 1998, los esposos Guardiola informaron al tribunal haber contestado ese pliego de interrogatorios.

El 20 de mayo de 1998 el Tribunal de Primera Instancia denegó la moción informativa y de prórroga. Dicha resolución fue notificada el 1ro. de junio de 1998.

El 29 de mayo de 1998, los demandados-peticionarios presentaron otra moción informativa y de prórroga. Indicaron que ya se había llevado a cabo la inspección de la propiedad de los esposos Guardiola y que a base de la misma se proponían presentar una moción de desestimación de la demanda.

Para ello solicitaron una prórroga de quince días *"computado dicho término desde el 15 de junio de 1998, fecha en que el suscribiente [Lcdo. Juan Carlos Pou] habrá de regresar de sus vacaciones"*. De paso, informó que tenía pendiente de contestar un interrogatorio que los esposos Guardiola le cursaron al co-demandado Ing. Andrés Richner pero que *"[c]ontestar el mismo antes de que se resuelva la moción de desestimación que habremos de radicar, resultaría en una franca pérdida de dinero, tiempo y esfuerzo"*. Apéndice, a la pág. 67.

El 3 de junio de 1998 se celebró una vista sobre el estado de los procedimientos del caso a la cual no asistió el Lcdo. Juan Carlos Pou por estar de vacaciones. Lo sustituyó la Lcda. Vivian Ortiz Ponce. En dicha vista el abogado de los esposos Guardiola solicitó que se le anotara la rebeldía a los demandados aquí peticionarios por no haber contestado la demanda dentro del plazo de prórroga concedida por el tribunal la cual había expirado desde el 15 de abril de 1998. El tribunal recurrido accedió a lo solicitado por entender que no había mediado justa causa para no haber solicitado una nueva prórroga para contestar la demanda y, por ende, le anotó la rebeldía a los demandados-peticionarios.

La ilustrada sala de primera instancia dispuso, sin embargo, que estaría en disposición de dejar sin efecto la anotación de la rebeldía si los demandados pagaban, cada uno, una sanción económica de $500 a favor de la parte demandante, para un total de $5,000 en los siguientes diez días.

En su recurso de *certiorari* los demandados-peticionarios indican que el tribunal *a quo* abusó de su discreción al anotarles la rebeldía a pesar de que desde el comienzo del pleito dichos litigantes señalaron que necesitaban hacer descubrimiento de prueba para poder contestar responsablemente la demanda. También aducen que la sanción impuesta es excesiva.

El primer error señalado no se cometió. La Regla 6.7 de Procedimiento Civil, 32 L.P.R.A. Ap. II, dispone que las prórrogas se concederán únicamente *"en circunstancias meritorias que superen el rigor crítico del juez orientado siempre hacia el cumplimiento de los términos, elemento vital de la pronta y justa decisión de los casos".* Banco Metropolitano v. Berríos, 110 D.P.R. 721, 725 (1981). Véase, *Lluch v. España Service Sta.,* 117 D. P.R. 729 n. 13 (1986); *Lugo v. Mun. de Bayamón,* 111 D.P.R. 679 (1981). Como regla general, los tribunales no deben conceder prórrogas a menos que éstas vengan acompañadas de una adecuada justificación, se presenten dentro del término establecido en las reglas y que el tribunal determine que al concederla no se causará perjuicio a la otra parte o una indebida dilación de la pronta solución de la controversia y que su concesión sea necesaria para lograr la justa solución de la contienda judicial. *Lluch v. España Service Sta., supra,* a la pág. 745.

Una parte demandada no tiene derecho a reservarse la contestación a la demanda en lo que hace descubrimiento de prueba. Las propias Reglas de Procedimiento Civil contienen un mecanismo apropiado para contestar responsablemente una demanda cuyas alegaciones no puedan ser admitidas ni negadas con la información que dicha parte tiene o puede conseguir en ese momento. A tales efectos dispone la Regla 6.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 6.2, que la parte demandada *"[s]i no tuviere conocimiento o información suficiente para formar opinión en cuanto a la veracidad de alguna de las aseveraciones expuestas, lo hará así constar y ello tendrá el efecto de una negación".*

Precisamente, los mecanismos de descubrimiento de prueban sirven el propósito de permitirle a las partes recopilar aquella prueba que les permita definir mejor las controversias y estar, en una etapa posterior del proceso, en posición de aceptar o negar su responsabilidad en todo o en parte y de utilizar los medios que las Reglas proveen para la terminación anticipada del proceso (moción de sentencia sumaria, moción de desestimación, oferta de sentencia, etc.) o para acudir al juicio plenario. Aunque inicialmente el triunal *a quo* le concedió la prórroga solicitada, dicho foro no estaba obligado a conceder todas las prórrogas que los demandados le solicitaran en el futuro ni éstos podían suponer que no era necesario solicitarlas o que de solicitarlas siempre le serían concedidas.

Ya hemos dicho que el tribunal recurrido les otorgó la prórroga de tres meses que ellos solicitaron y que fue después de la fecha en que expiró la misma que ellos volvieron a solicitar otra prórroga la cual entonces fue denegada.

Lo cierto es que para el 3 de junio de 1998, mes y medio después de expirada la prórroga concedida, los

demandados no habían contestado aún la demanda ni habían justificado otra prórroga y el Tribunal de Primera Instancia podía anotarles la rebeldía como, en efecto, se las anotó.

En *Srio. del Trabajo v. Mayaguez O. M. Club,* 105 D.P.R. 279, 283 (1976), el Tribunal Supremo expresó:

*"Ciertamente nos preocupa, y siempre nos ha preocupado, que la indolencia de una o de ambas partes en un litigio pueda frustrar el propósito de que se haga justicia rápida. Nuestras decisiones han estado dirigidas a fortalecer el poder de las Salas de instancia para aligerar los procedimientos, si necesario fuere mediante la drástica sanción de decretar la desestimación y archivo de la demanda de la parte actora y, según sea el caso, eliminar las alegaciones de la parte demandada, declararla en rebeldía y resolver la causa en su contra. No vamos a aflojar esa norma en lo más mínimo. Pero tiene por necesidad que aplicarse en cada caso conforme a sus particulares hechos y perspectivas.*

*El enfoque no es nuevo. La imposición de sanciones para beneficio de las partes o el Estado, o ambos --en sus distintas modalidades-- representa la solución judicial al eterno conflicto en que se debaten dos legítimos intereses: el procesamiento rápido y económico de las controversias frente a una adjudicación justa, preferiblemente en sus méritos."* Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1. *Román Cruz v. Díaz Rifas,* 113 D.P.R. 500, 506-507(1982); *J.R.T. v. Missy Mfg. Corp.,* 99 D.P.R. 805, 811 (1971).

Ahora bien, nuestro Tribunal Supremo ha resuelto en reiteradas ocasiones que, como primera alternativa ante el incumplimiento procesal de una parte, el Tribunal de Primera Instancia debe imponer sanciones económicas a la parte o a su abogado, previo a adoptar una disposición que pueda tener el efecto de privarla de su día en corte. Véanse, *Vilca, Inc. v. Hogares Crea, Inc.,* 118 D.P.R. 679, 686 (1987); *Dávila v. Hosp. San Miguel, Inc.,* 117 D.P.R. 807, 814 (1986); *Maldonado v. Srio. de Recursos Naturales,* 113 D.P.R. 494, 498 (1982); *Garriga Gordill v. Maldonado Colón,* 109 D.P.R. 817, 822 (1980); *Arce v. Club Gallístico de San Juan,* 105 D.P.R. 305, 308 (1976).

Con estos antecedentes, atemperados a la clara y firme política judicial de que los casos sean resueltos en sus méritos, *Neptune Packing Corp. v. Wackenhut Corp.,* 120 D.P.R. 283, 293 (1988); *Imp. Vilca, Inc. v. Hogares Crea, Inc., supra,* a la pág. 687, y tomando en consideración la discreción que tiene todo tribunal de administrar y aplicar las normas procesales para el más ordenado trámite de los asuntos ante su consideración, resolvemos que bajo las circunstancias particulares del caso ante nuestra consideración no debemos intervenir con el dictamen del foro de instancia de imponer sanciones económicas en sustitución de la anotación de la rebeldía a los demandados.

Ahora bien, sí nos parece que la imposición de una sanción tan severa a las partes no está justificada en el expediente. La conducta sancionada se refiere más bien al incumplimiento de un deber del abogado de contestar la demanda con la información disponible de sus clientes o la que de buena fe éstos le pudiesen proporcionar en el corto período de tiempo que conceden las Reglas de Procedimiento Civil para presentar una contestación o en el de una prórroga razonable que pueda obtenerse sin demorar el proceso. En *Arriaga v. F.S.E.,* 146 D.P.R. ___ (1998), **98 J.T.S. 28,** el Tribunal Supremo reiteró que cuando un tribunal tiene ante sí una situación de desatención al caso por la parte interesada, la imposición de sanciones debe ser en primer término al abogado de la parte; y que si ello no produce efectos positivos, entonces *"procederá la imposición de la severa sanción de la desestimación... tan sólo después que la parte haya sido debidamente apercibida de la situación...".* Echevarría *Jiménez v. Sucn. Pérez Meri,* 123 D.P.R. 664 (1989); *Dávila v. Hosp. San Miguel, Inc., supra; Maldonado v. Srio. de Rec. Naturales, supra.*

En el caso de autos, no surge que la parte demandada fuese apercibida del incumplimiento de su abogado en contestar a tiempo la demanda, es decir, dentro de la prórroga concedida. El tribunal nunca alertó a los demandados en ánimo de que tomaran alguna acción correctiva a esos efectos. *Maldonado, ante.* Procede, por

tanto, que se modifique la resolución para que se exima del pago de la sanción económica a los diez demandados aquí peticionarios y que en su lugar, se le imponga dicha sanción al abogado. Por esta razón, la sanción económica de quinientos dólares ($500) será impuesta únicamente al Lcdo. Juan Carlos Pou. ▆

Con estos antecedentes se expide el auto solicitado, se exime a las demandadas del pago de la sanción económica de quinientos dólares ($500), y se impone la misma al Lcdo. Juan Carlos Pou a favor del Estado Libre Asociado de Puerto Rico, la cual deberá satisfacer ante el Tribunal de Primera Instancia dentro de los diez (10) días siguientes a la notificación de esta sentencia. Dentro de este mismo término, la parte demandada deberá presentar su contestación a la demanda. Una vez la sanción sea satisfecha el Tribunal dejará sin efecto la demanda y ordenará la devolución de los cinco mil dólares ($5.000) consignados por las partes sancionadas.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 99 DTA 132**

**1.** Nótese que el Lcdo. Pou ya había admitido que era responsabilidad suya no haber solicitado ni justificado una prórroga adicional. Moción de Reconsideración, de 8 de junio de 1998, a la pág. 4, último párrafo. Apéndice, a las págs. 71-72.