*921 TEXTO COMPLETO DE LA SENTENCIA
El presente recurso de Certiorari se presenta para cuestionar la determinación del Tribunal de Primera Instancia (T.P.I.) de no decretar el relevo de la sentencia dictada contra el Municipio de San Juan, parte demandada recurrente (Municipio) bajo la Regla 49.2 de Procedimiento Civil. Por los fundamentos elaborados, se expide el auto de Certiorari y se confirma la resolución del T.P.I. del 14 de agosto de 2006.
I
Este caso es secuela del caso KLAN-2006-00229, James Air Conditioning Enterprises, Inc. v. Municipio de San Juan, en donde se cuestionó ante el Tribunal de Apelaciones la sentencia dictada por el T.P.I. el 20 de diciembre de 2005 a favor de James Air Conditioning Enterprises (James Air). El T.P.I. ordenó el pago por parte del Municipio de la suma de $111,908.42, por concepto de servicios relacionados a la instalación y mantenimiento de los sistemas de acondicionadores de aires, prestados en el Hospital Municipal y el Centro de Artes Populares, por trabajos realizados.
El 3 de diciembre de 2004, James Air presentó una demanda en cobro de dinero contra el Municipio por la suma de $112,501.82, correspondientes a servicios prestados en la instalación de acondicionadores de aire durante el año 2003, en las facilidades del Hospital Municipal y el Centro de Artes Populares (sentencia del T.P. L, pág. 3). A pesar de la prórroga concedida al Municipio para que presentara su alegación responsiva y no habiéndolo hecho, se le anotó la rebeldía. Posteriormente fue relevada de dicha anotación. Luego de algunos trámites procesales, James Air solicitó se dictara sentencia sumaria, acompañando su moción con los documentos pertinentes. En el ínterin, ya se había señalado una conferencia con antelación al juicio. El informe de conferencia, James Air lo tuvo que presentar sin la posición del Municipio, por no lograr reunirse con sus representantes legales para integrar su postura. Se le concedió término al Municipio para responder a la moción de sentencia sumaria y no lo hizo. El 20 de diciembre de 2005, el T.P.I. dictó sentencia sumaria a favor de James Air. A esa fecha, el Municipio no había sometido réplica u oposición a la moción de sentencia sumaria. En su recurso de apelación al Tribunal de Apelaciones en el caso KLAN-2006-00229 presentado el 28 de febrero de 2006 es donde plantea el Municipio por primera vez que, mediante carta de 20 de agosto de 2003, había cancelado el contrato efectivo el 1 de agosto de 2003. El motivo de la cancelación fue que el sistema de aire acondicionado de la Plaza del Mercado de Río Piedras colapso ocasionando gastos al Municipio y atribuyéndole tal situación a James Air. El Tribunal de Apelaciones en la aludida sentencia de 10 de abril de 2006, reconoció que el Municipio no cumplió con su obligación de controvertir las aseveraciones, documentos, hechos y declaraciones presentadas por James Air. No presentó moción en réplica u oposición a la moción de sentencia sumaria y mucho menos documentos que controvirtieran lo presentado por James Air en el extenso plazo que tuvo para ello desde que se le ordenó hasta, inclusive, la fecha en que el T.P.I. dictó sentencia, esto aun después de los requerimientos del tribunal. Tampoco solicitó la reconsideración de la sentencia bajo la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. 111. Amparado en el reconocimiento que se trataba de fondos públicos y de que existe la política pública de hacer un uso escrupuloso de los fondos públicos, el
*922 Tribunal de Apelaciones dispuso lo siguiente:

En conclusión, resolvemos que el recurso de apelación presentado debe ser considerado como una moción de nuevo juicio, a tenor de las Reglas 48.1 y 48.2, por lo que ordenamos su traslado al Tribunal de Primera Instancia de manera que dicho foro determine, a la luz de los criterios previamente discutidos, si procede dejar sin efecto la sentencia dictada y celebrar juicio en su fondo o declarar sin lugar dicha moción. ”

Lo aquí resuelto tiene el efecto, además, de interrumpir el término para apelar dispuesto por la Regla 53.1 (§X hasta tanto se disponga definitivamente de la moción o se dicte nueva sentencia. En virtud de lo aquí resuelto, no habremos de discutir los errores señalados.
En atención a dicho mandato, el T.P.I. señaló vista en donde se delimitó la atención de la controversia. Transcribimos de la minuta de 9 de junio de 2006, notificada el 22 de junio del mismo año:

“Queda aclarado, que la sentencia no fue revocada y que aún está en vigor. Que se procedió a devolver el caso al Tribunal de Primera Instancia para que ausculte, bajo los criterios que dicho foro establece, si procede o no dejar sin efecto la sentencia dictada. ”

El tribunal dispone lo siguiente en el presente caso:

“Se concede hasta el 10 de julio de 2006para que la parte demandada presente relevo de sentencia. Si el Municipio de San Juan no presenta dicho escrito, se entendería que desiste de cualquier remedio pos sentencia ante el Tribunal de Primera Instancia”

Transcurrido ese término, el licenciado Longo Quiñones tendría hasta el 10 de agosto de 2006 para someter su réplica a la moción de relevo de sentencia.
El Tribunal resolverá tan pronto reciba los escritos ordenados. También indica que de entenderlo necesario señalará una vista Evidenciaría.
El Municipio radicó su moción de relevo de sentencia y James Air su correspondiente réplica. El T.P.I. dictó resolución declarando no ha lugar la moción de relevo de sentencia el 14 de agosto y notificada el 22 de agosto de 2006. Es de dicha resolución que recurre el Municipio en el presente recurso de Certiorari.
II
La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. m, dispone lo siguiente:

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) nulidad de la sentencia;

*923
(5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. ”

Aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Le toca a los tribunales, pues, establecer un balance adecuado entre ambos intereses. Fine Art Wallpaper v. Wolff, 102 D.P.R. 451, 457-458 (1974). Por ello, aunque la Regla 49.2, supra, debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses que hay que balancear. Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 818 (1986). Por ello hemos dicho que el remedio de reapertura “no es una llave maestra para reabrir a capricho el pleito ya adjudicado. . .”. Piazza v. Isla del Río, Inc., 158 D.P.R._, de 31 de enero de 2003, 2003 J.T.S. 10, Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974).
Como se sabe, una moción de relevo de sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración, Olmedo Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989); pero puede concederse aun después de que dicha sentencia haya advenido firme y final. Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314, 328 (1997). La Regla 49.2 de Procedimiento Civil, supra, presta particular atención a situaciones en que se solicita el relevo de una sentencia cuando ya se encuentra pendiente su apelación o revisión ante el foro apelativo, o cuando ya se ha realizado tal apelación o revisión. Piazza v. Isla del Río, Inc., ante.
La Regla 49.2 de Procedimiento Civil, supra, a su vez, va dirigida a la discreción del tribunal para, si alguno de los fundamentos allí dispuestos está presente, el tribunal pueda relevar a la parte promovente de los efectos de la sentencia. Ahora bien, “[ijndependientemente de la existencia de uno de los fundamentos [expuestos en la Regla 49.2, supra], el relevar a una parte de una sentencia ... es una decisión discrecional del tribunal, salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha. ” La moción de relevo no puede utilizarse para impugnar cuestiones substantivas que debieron levantarse antes de la sentencia como defensas afirmativas, o luego de la sentencia en un recurso de revisión. Rivera v. Algarín, 159 D.P.R. -, 2003 J.T.S. 80, 14 de mayo de 2003.
Cierto es, que nuestro ordenamiento jurídico favorece que los pleitos se resuelvan en sus méritos, pero al recurrir a la Regla 49.2 debe tenerse en cuenta el interés de los litigantes y la sociedad, de que la litigación se tramite en un término razonable y que su adjudicación sea final. Fine Art Wallpaper v. Wolff, ante; Olmedo Nazario v. Sueiro Jiménez, 123 D.P.R. 294 (1989).
Para reabrir un caso bajo el segundo inciso de la Regla 49.2 de Procedimiento Civil, supra, se requiere, entre otras cosas, que la parte promovente demuestre que a pesar de que ejercitó una diligencia razonable no pudo descubrir la prueba que ahora pretende introducir. Véase Olmedo Nazario v. Sueiro Jiménez, ante; Banco Crédito v. Chico Sagastibelza, 90 D.P.R. 125, 138 (1964).
En Correa Canales v. Marcano Gracia, 96 J.T.S. 1 de 12 de enero de 1996, el Tribunal Supremo aclaró que una moción de relevo no pueda servir para impugnar cuestiones substantivas que debieron levantarse antes de la sentencia como defensas afirmativas, o luego de la sentencia en un recurso de revisión. Véase también Olmeda v. Sueiro, ante. R. Hernández Colón, op. cit., pág. 303.
La Regla 48.1 de Procedimiento Civil dispone:

“Se podrá ordenar la celebración de un nuevo juicio por cualquiera de los siguientes motivos:

*924
(a) Cuando se descubriere evidencia esencial la cual, a pesar de una diligencia razonable, no pudo descubrirse ni presentarse en el juicio.

(b) Cuando no fuere posible preparar una exposición en forma narrativa de la evidencia o cuando no fuere posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte o incapacidad del taquígrafo, o ala ausencia o pérdida de la cinta magnetofónica correspondiente.

(c) Cuando la justicia sustancial lo requiere. El tribunal podrá conceder un nuevo juicio a todas o cualesquiera de las partes y sobre todas o parte de las cuestiones litigiosas. ”

En First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998), se dispuso:
“Las Reglas de Procedimiento Civil establecen que los tribunales podrán ordenar la celebración de un nuevo juicio “cuando se descubriere evidencia esencial la cual, a pesar de una diligencia razonable, no pudo descubrirse ni presentarse en el juicio. ” Regla 48.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Cuando la moción de nuevo juicio se basa en el descubrimiento de “prueba nueva”, ésta podrá presentarse antes de que expire el término para apelar, siempre y cuando la promovente notifique a la otra parte, se celebre una vista y el promovente demuestre haber ejercitado debida diligencia. Regla 48.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, Riley v. Rodríguez de Pacheco, 119 D.P.R. 762 (1987); Antonetti v. Fernández García, 68 D. P.R. 482 (1948).
La parte que solicita el nuevo juicio debe demostrar además que: (1) la prueba recién descubierta no es acumulativa ni repetitiva, sino que es esencial para resolver el caso; (2) dicha prueba, de ser admitida, cambiaría el resultado del pleito; Riley v. Rodríguez de Pacheco, ante.
De conformidad con la Regla 48, el nuevo juicio podrá ser solicitado cuando se descubriere prueba esencial, la cual a pesar de una diligencia razonable no pudo descubrirse ni presentarse en el juicio. Para que pueda concederse un nuevo juicio bajo el fundamento del descubrimiento de prueba esencial se requiere que la nueva evidencia que se haya obtenido, no sea meramente evidencia acumulativa, es decir, de la misma naturaleza que otra ya presentada para abundar sobre un punto que la parte no logró establecer en el juicio. Tiene que ser evidencia de otro carácter, distinta a la que se presentó, que establezca las cuestiones que no se pudieron establecer. La parte que solicita nuevo juicio debe demostrar afirmativamente que ejercitó la debida diligencia para localizar la evidencia recientemente descubierta cuando se fue a celebrar el juicio y que, por algunas razones que también demostrará, no pudo obtenerla. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, San Juan, Michie Ed., 1997, Cap. 47, págs. 299-300.
El descubrimiento de evidencia esencial que a pesar de una debida diligencia no puede haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la R. 48, 1979 es fundamento adecuado para una moción de relevo. Este fundamento es similar al de solicitud de nuevo juicio por descubrimiento de evidencia esencial y se aplican a él las mismas limitaciones y entra en función cuando ya ha vencido el término para solicitar el nuevo juicio que es de 30 días a partir de la notificación de la sentencia. Fine Art Wallpaper v. Wolff, supra; Olmedo v. Suegra, ante; Neptune Parking v. Wackenhut, 120 D.P.R. 283, 291, 292 (1988); Garriga Gordils v. Maldonado, 109 D.P.R. 817 (1980). R. Hernández Colón, op. cit., pág. 305.
III
Reabrir el caso, a nuestro juicio, hubiese sido un exceso de discreción del T.P.I. dada la conducta desplegada por el Municipio en total desatención de las órdenes del T.P.I., lo cual le mereció la siguiente expresión al Tribunal de Apelaciones:

*925
“Por último, es preciso que nos manifestemos sobre la conducta del Municipio a través del tracto procesal del caso de título. Su actitud refleja un alto grado de displicencia y desgano en la defensa de sus intereses y en la comunicación con su representación legal. De ahí que urrgimos (sic) al Municipio de San Juan a que demuestre mayor diligencia en la atención del caso de marras.”

El Municipio no cumplió con su deber de contestar en tiempo la demanda, de responder en tiempo en lo relativo al descubrimiento de prueba y para poder preparar el informe de conferencia con antelación al juicio, de no contestar las mociones de sentencia sumaria, a pesar de los varios plazos concedidos. Dictada sentencia, tampoco recurrió al T.P.I. en reconsideración. En su moción de relevo de sentencia tampoco puso el Municipio al T.P.I. en condiciones de darle la razón, bajo este trámite en sus mociones no hay expresiones, alegaciones o evidencia alguna que demostrara que, a pesar de haber sido diligente^ no pudo dar con la nueva evidencia. Este no alegó las gestiones conducentes a encontrar la carta. Además, dicha carta de 20 de agosto de 2003 alude a motivaciones o intención de cancelar el contrato por fallas en los trabajos de la Plaza del Mercado de Río Piedras. Para dicha fecha, ya se habían llevado a cabo los trabajos en el Hospital Municipal y en el Centro de Artes Populares, por lo que tampoco constituye la evidencia esencial y pertinente adecuada para no responder por el contrato.
Dicho de otro modo, la evidencia obtenida no cumple con el requisito de esencialidad, tampoco cambiaría el resultado del caso, toda vez que se refería a una estructura diferente a la contratada en donde realmente se llevaron los trabajos al momento de la cancelación del contrato. Además, dicha evidencia pudo haber sido encontrada de haberse ejercitado la debida diligencia. La concesión de una moción de nuevo juicio descansa en la sana decisión del tribunal. No erró el T.P.I. Riley v. Rodríguez de Pacheco, ante.
IV
Por los fundamentos elaborados, se expide el auto de certiorari y se confirma la resolución del Tribuunal de Primera Instancia del 14 de agosto de 2006.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones