JUAN R. GARRIGA GORDILS, demandante y peticionario, *v.* MIGUEL A. MALDONADO COLÓN, demandado y recurrido.

*Número:* O-79-453     *Resuelto:* 23 de mayo de 1980

818

[redacted]

*Ferraiuoli & González Gierbolini* y *Fernando González Gierbolini*, abogados del recurrente; *Julio Eduardo Torres*, abogado del recurrido.

PER CURIAM: Se trata de una acción civil sobre nulidad de contrato interpuesta por el peticionario el 26 de enero de 1978 ante la Sala de Aibonito del Tribunal Superior. Sin que se ventilara el juicio, fue archivada y sobreseída por el Tribunal Superior por entender que carecía de interés el demandante. Se negó luego a acceder a relevar a éste de la sentencia, al amparo de la Regla 49.2 de Procedimiento Civil. Resolvemos que procede el relevo de sentencia solicitado y por tanto debe ser revocada la negatoria del Tribunal Superior a concederlo. Pasemos detalladamente sobre los pormenores de la controversia.

Contestada oportunamente la demanda se inició el período de descubrimiento de prueba, cruzándose entre las partes sendos interrogatorios. El 14 de agosto de 1978 el demandante, aquí peticionario, solicitó señalamiento de la conferencia con antelación al juicio, la que fue fijada para el 2 de octubre siguiente.

Así las cosas el 29 de septiembre, o sea, tres días antes de la vista con antelación al juicio, el entonces abogado del demandado recurrido, solicitó ser relevado de su representación, solicitando, además, la posposición de dicha vista para así brindarle a su representado un término razonable para contratar nueva representación profesional. Ambas solicitudes fueron declaradas con lugar el 1 de octubre. El aquí peticionario solicitó entonces que se le fijara al recurrido un término específico para contratar nueva representación. El tribunal fijó un plazo de 15 días para esos propósitos, compareciendo finalmente en autos en 27 de octubre el Lcdo. Julio Eduardo Torres, asumiendo la representación del recurrido. Inmediatamente y por segunda ocasión, el peticionario solicitó el señalamiento de la conferencia con antelación al juicio, fijándose ésta para el día 11 de diciembre.

En esa etapa de los procedimientos, el recurrido solicitó permiso del tribunal para reabrir el descubrimiento de prueba y tomar deposición al peticionario y a la madre de éste. El tribunal sentenciador accedió a lo solicitado mediante orden del 6 de noviembre, resultando por tanto tardía la oposición del peticionario, cuya moción de fecha del 10 de noviembre fue por ello denegada. El recurrido citó entonces al peticionario y a la madre de éste para la toma de sus deposiciones para el día 7 de diciembre.

■ El peticionario resolvió contratar un abogado adicional para que se uniera a la tramitación de su caso dirigiéndose para ello al Lcdo. Luis F. Camacho. (¹) El Lcdo.

(¹) De los autos no surge con certeza que el contrato con el Lcdo. Camacho llegara a cristalizarse plenamente. Todo parece indicar que éste hizo alguna gestión para el demandante pero, no obstante, nunca compareció en autos.

Arquímides Gierbolini, quien hasta entonces ostentaba la representación del peticionario, decidió retirarse del caso, (²) razón por la cual el 6 de diciembre de 1978 solicitó del tribunal autorización para renunciar la representación del peticionario. Asimismo solicitó del tribunal que, en vista de las circunstancias, suspendiera la conferencia con antelación al juicio que estaba señalada para el 11 de diciembre. El siguiente día—7 de diciembre—el tribunal declaró la moción sin lugar. (³)

Llegado el 11 de diciembre no comparecieron a la conferencia con antelación al juicio ni el peticionario ni ninguno de sus abogados. Es entonces cuando el tribunal dictó sentencia decretando el archivo y sobreseimiento del caso por falta de interés del peticionario. (⁴) Se notificó la referida sentencia en 28 de diciembre.

El 5 de enero de 1979, el Lcdo. Gierbolini solicitó del tribunal que dejara sin efecto su sentencia de archivo apuntándole que su falta de comparecencia obedecía a los trámites

(²) Le comunicó al peticionario que prefería entregarle el asunto al Lic. Camacho.

(³) Adviértase, que esa negativa del tribunal no guarda proporción con la forma en que se habían aplicado las Reglas de Procedimiento Civil a la parte demandada. Tal como hemos reseñado, surge con relieve de los autos que en una ocasión anterior, a instancia de la parte demandada, el tribunal había accedido a posponer la celebración de la conferencia con antelación al juicio a pesar de que la solicitud se hizo tres días antes de la fecha señalada. Más aún, también hemos visto que el tribunal accedió de inmediato a una petición del demandado para reabrir el descubrimiento de prueba, a pesar de que ya se había señalado la conferencia con antelación al juicio y sin escuchar a la parte demandante cuya pronta oposición resultó tardía.

Debemos señalar al respecto que si bien es cierto que los señores magistrados del tribunal de primera instancia tienen discreción para aplicar rigurosamente las reglas de procedimiento civil cuando ello sea necesario para el bien de la justicia, es cierto también que carecen de discreción para imponer a una parte un rigor distinto del que le imponen a la otra; porque tal desigualdad sólo redundaría en la injusticia, en el desasosiego y en la absoluta desconfianza de los ciudadanos en nuestro sistema judicial. *Srio. del Trabajo* v. *Mayagüez O. M. Club*, 105 D.P.R. 279, 283 (1976).

(⁴) Téngase presente, por cuanto en adelante discutiremos, que en el segundo párrafo de su sentencia el tribunal determinó: "El Tribunal llama la atención hacia el hecho de que la moción de renuncia de representación legal radicada por el Lcdo. Arquímides Gierbolini fue declarada Sin Lugar por lo que debía haber comparecido a dicha vista él o la parte demandante personalmente a exponer la situación imperante en aquel momento."

que progresaban con respecto al cambio de representación profesional del demandante. Señaló también dicho abogado que recibió la orden del tribunal que disponía de su solicitud de suspensión el mismo día de la vista; y consignó enfáticamente que el demandante sí conservaba interés en su causa. Ante esta solicitud la providencia del tribunal que no es del todo clara dispuso:

"Toda vez que el compañero no se considera abogado de la parte demandante, no ha lugar." [5]

Es evidente que al así disponer, el demandante quedó en desamparo. Al no aceptar la renuncia del abogado, y consignar que éste debió comparecer a la vista anterior al juicio; y a la vez no reconocerle capacidad para solicitar a nombre del demandante el relevo de la sentencia que por los actos de su abogado se le había impuesto, parece negarle alivio al demandante en lo que podía favorecerle la representación de su abogado, y consentir en lo que le perjudicaba.

Así transcurrió el tiempo hasta que el demandante, aquí peticionario, pudo finalmente conseguir efectiva representación profesional, [6] quien solicitó relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil en 24 de abril, la que fue denegada sin celebración de vista [7] el 31 de mayo, por entender el tribunal que no fue presentada en término razonable. Inconforme, el demandante peticionario acudió ante nos y en atención a las circunstancias que hemos consignado precedentemente dictamos resolución concediendo a la parte demandada un plazo para que mostrara causa por la cual no debía dejarse sin efecto la sentencia recurrida. Vencido el término fijado compareció el recurrido.

---

[5] Se dictó la resolución en 9 de enero de 1979.

[6] Obtuvo los servicios del bufete Ferraiuoli y González Gierbolini.

[7] Hemos resuelto que siempre que se invoquen razones válidas al solicitar remedio bajo la Regla 49.2, que requieran la presentación de evidencia para sustanciarlas, la celebración de vista será mandatoria. *Ortiz Serrano* v. *Ortiz Díaz*, 106 D.P.R. 445 (1977); *Pérez Rodríguez* v. *Tribunal Superior*, 100 D.P.R. 182 (1971); *Constructora del Oeste* v. *Tribl. Superior*, 97 D.P.R. 785 (1969); *E.L.A.* v. *Tribunal Superior*, 86 D.P.R. 692 (1962); *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961).

822

Hemos considerado los argumentos expuestos sin que hayamos sido persuadidos a variar la actitud que previamente intimáramos. (8) Varias razones militan en pro del relevo del peticionario de la sentencia recurrida.

■ Conviene señalar primeramente que si la sentencia de archivo se impuso al demandante peticionario como medida de sanción por no comparecer a la conferencia anterior al juicio, debemos dejarla sin efecto por ser excesiva. El interés del peticionario en su causa de acción era evidente. Un examen del expediente revela una celosa diligencia en la tramitación de su causa. Procedió en tiempo al descubrimiento de prueba; solicitó prontamente el señalamiento de la conferencia con antelación al juicio; cuando el demandado decidió obtener nueva representación profesional, solicitó que se le fijara para ello un plazo específico; se opuso prontamente a las pretensiones del demandado recurrido de reabrir el descubrimiento de prueba; y, finalmente, solicitó por segunda vez el señalamiento para conferencia con antelación al juicio, que había sido originalmente suspendida a instancia de la otra parte. Observamos además que una vez recaída sentencia de archivo en su contra, actuó con prontitud para solicitar se dejara sin efecto.

■ Hemos establecido con claridad que la privación a un litigante de su día en corte es medida procedente sólo en casos extremos en que "no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas". *Acevedo* v. *Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974). Véanse también *Arce* v. *Club Gallístico de San Juan*, 105 D.P.R. 305 (1976); *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965); *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 D.P.R. 823 (1962). No hemos encontrado en las actuaciones del peticionario o su abogado las circunstancias extremas que señalamos en nuestra jurisprudencia. Por otro lado, el litigante diligente no debe ser sometido a la

---

(8) Habiendo alegado ante nos el demandado, la parte demandante y peticionaria presentó réplica.

frustración ingente que se suscita cuando la justicia le cierra sus puertas a sus reclamos.

■ Mas, aun si aceptáramos indiscriminadamente que la no comparecencia del demandante a una vista anterior al juicio es razón suficiente para sobreseer su causa sin atender a las circunstancias presentes en cada caso en particular, estaríamos dando la espalda al principio sentado en el sentido de que "la desestimación de la demanda o la vista celebrada *ex parte* no tienen carácter de final. El tribunal tiene siempre la facultad para dejarlas sin efecto por causa justificada y bajo las condiciones que considere justas. *La Regla 49.2 de Procedimiento Civil reconoce esta facultad de los tribunales para relevar a una parte de una sentencia por error, inadvertencia, sorpresa o negligencia excusable, entre otras causas.*" (Bastardillas nuestras.) *Fine Art Wallpaper* v. *Wolff,* 102 D.P.R. 451, 457 (1974).

Vistas las circunstancias específicas en que se desenvolvió este caso ante el tribunal de instancia, no albergamos duda de que el demandante y peticionario invocó en tiempo la protección de la Regla 49.2 de Procedimiento Civil.

## II

■ La Regla 49.2 dispone en su parte final:

"La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. . . ."

Determinar si una solicitud de relevo de sentencia ha sido presentada dentro de un término razonable, requiere el ejercicio de discreción por parte del tribunal. 7 Moore's *Federal Practice*, sec. 60.19. Tal discreción es necesaria para la determinación de lo que constituye un término razonable dentro de los hechos particulares de cada caso. Wright & Miller, *Federal Practice and Procedure*, T. 11, sec. 2866, pág. 228. El ejercicio de esa discreción ha de ser "imparcial, guiada por principios legales 'a ser ejercitados de conformi-

dad con el espíritu de la ley, y de manera que adelante, y no obstruya o atrase, los fines de la justicia' ". *Southern Construction Co.* v. *Tribunal Superior*, 87 D.P.R. 903, 906 (1963); 7 Moore's *Federal Practice*, sec. 60.19, págs. 228–231. Por ello debe sopesarse el posible perjuicio que a la parte contraria le pueda ocasionar la tardanza del promovente, ante las razones que éste pueda tener para no haber acudido tras el remedio con mayor prontitud. Wright & Miller, *Federal Practice and Procedure*, T. 11, sec. 2866, pág. 228. Lo importante es lograr un balance correcto entre el principio de la finalidad de las sentencias y el postulado fundamental que exige que se provean los mecanismos adecuados para corregir aquéllas que sean erróneas e injustas. 7 Moore's *Federal Practice*, sec. 60.27(1), pág. 340.

■ En el caso ante nos, la balanza se inclina marcadamente hacia la postura del peticionario. Éste condujo el trámite del litigio con consistente diligencia, por lo que la demora habida en la adquisición de una adecuada representación, dentro del confuso estado de indefensión en que quedó una vez inmerso, no puede ser considerada irrazonable. En cuanto al perjuicio a que pueda estar sujeto el recurrido al reabrir este caso, solamente lo podemos percibir en la reapertura *per se.* (⁹)

*Por lo fundamentos expuestos, se expedirá el auto de certiorari, se revocará la resolución emitida por el Tribunal Superior el 31 de mayo de 1979, y al amparo de la Regla 49.2 de Procedimiento Civil, se dejará sin efecto la sentencia dictada el 26 de diciembre de 1978. Continuarán los procedimientos en forma consistente con lo expuesto.*

El Juez Asociado Señor Torres Rigual no intervino. El Juez Asociado Señor Díaz Cruz concurre con el resultado sin opinión.

---

(⁹) Alega el recurrido que "reabrir en este momento el proceso le causaría daños sustanciales al retornar al estado de incertidumbre que se encontraba su negocio antes de dictarse sentencia." Es natural que cualquier pleito que amenace con alterar el *statu quo* de una de las partes represente incertidumbre.