TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nuestra consideración Juan Angel Mulero Parrilla ("Mulero") mediante recurso de apelación y solicita que revoquemos la Sentencia emitida el 8 de julio de 1999 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En dicha Sentencia, cuyo archivo en autos y notificación se efectuó el 27 de agosto de 1999, el Foro de Primera Instancia desestimó la demanda de autos al amparo de la Regla 39.2 (a) y (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
I
El 11 de marzo de 1997, Mulero presentó demanda por interferencia con administración de sociedad, injunction posesorio, cobro de dinero y daños y perjuicios contra Agustín Cofán Amaro ("Cofán"). Durante la etapa de descubrimiento de prueba, y con fecha de 17 de junio de 1998, el Tribunal de Primera Instancia emitió orden a los efectos de que las controversias de hechos fueran adjudicadas por un comisionado especial.
El 20 de enero de 1999, los abogados de Mulero solicitaron al Tribunal de Primera Instancia que se le relevara de sus obligaciones como representantes legales del demandante. Dicha solicitud fue declarada "Con lugar" el 3 de febrero de 1999, siendo notificada el 5 de mayo de 1999. En la misma, el Tribunal de Primera Instancia ordenó a Mulero notificar en un término de veinte (20) días su nueva representación legal. Sin embargo, surge del expediente ante nos que luego de zanjar sus diferencias, los abogados de Mulero siguieron representándolo. Esto nunca le fue informado al Tribunal de Primera Instancia.
El 11 de junio de 1999, Cofán solicitó al Foro de Primera Instancia que desestimara la acción incoada por Mulero en su contra por éste haber incumplido la orden emitida el 3 de febrero de 1999, notificada el 5 de mayo del mismo año. A su vez, el 12 de julio de 1999, Mulero alega que notificó al Tribunal de Primera Instancia, mediante moción, la nueva dirección de sus representantes legales. Ese mismo día, según Mulero, también se le notificó al Tribunal de Primera Instancia que se le tomaría una deposición a Cofán. 
*605 El 8 de julio de 1999, notificada con fecha de 27 de agosto de 1999, el Foro de Primera Instancia emitió Sentencia ordenando el archivo de la demanda de autos, al amparo de la Regla 39.2 (a) y (b) de Procedimiento Civil, supra. El Foro de Primera Instancia expresó que: (1) Mulero no había cumplido con la orden del 3 de febrero de 1999; y (2) que no se había realizado gestión alguna en la tramitación del pleito durante los últimos seis (6) meses previos a la emisión de la Sentencia.
Inconforme con esta determinación, oportunamente, Mulero acude ante nos mediante recurso de apelación. Con la comparecencia de Cofán, mediante alegato, procedemos a resolver.
II
Aunque la Regla 39.2 (a) de Procedimiento Civil, supra, permite que un tribunal, en el ejercicio de su discreción, desestime un pleito si el demandante no cumple con cualquier orden del tribunal o con las disposiciones de las reglas de procedimiento civil, la desestimación es una sanción drástica que sólo debe ser impuesta en casos tan extremos que no haya duda de la irresponsabilidad y contumacia de la parte contra quien es aplicada la sanción. Acevedo v. Cía Telefónica de P.R., 102 D.P.R. 787, 791 (1974); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 822 (1980); Fernández Sánchez v. Fernández Rodríguez, 120 D.P.R. 422, 426 (1988).
A tales efectos, la trayectoria de la jurisprudencia de los últimos años señala la preferencia de la sanción económica como primera alternativa, y ésta procede contra el abogado de la parte si es demostrado que éste es el responsable de la dejadez procesal. Sólo cuando otras sanciones han sido inefectivas, es que procede el desestimar un pleito como sanción. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 307-308 (1976); Dávila v. Hosp. San Miguel, lnc., 117 D.P.R. 807, 814 (1986); Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., 1985, a la pág. 205.
Sin embargo, el ejercicio de la discreción judicial, al momento de imponer sanciones, requiere un balance delicado y difícil entre la obligación de los tribunales de velar porque los casos sean ventilados sin demora y el derecho de toda parte a tener su día en corte. Amaro González v. First Fed. Savs., 132 D.P.R 1042, 1051 (1993).
Cuando estos dos principios fundamentales de nuestro ordenamiento procesal civil son contrapuestos, los tribunales deben inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones sean ventiladas en sus méritos, ya que la razón de ser de nuestro ordenamiento procesal y de nuestro esquema adjudicativo es hacer justicia, y un elemento sine qua non de este empeño es el derecho de toda parte a tener su día en corte. Ortiz Rivera v Agostini, 92 D.P.R. 187, 193 (1965).
Además, una parte no debe ser penalizada por las actuaciones displicentes de su representante legal sin que ésta tuviera conocimiento de las mismas. Amaro González v. First Fed. Savs, supra, a la pág. 1051. Por esta razón, antes de que el tribunal desestime la demanda, es requisito "que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida." Ello, según señala el Tribunal Supremo de Puerto Rico, obedece a que "la experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades... las partes no están enteradas de las actuaciones negligentes de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato." Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982).
Ahora bien, subsiste, pues, en nuestro ordenamiento procesal civil, la imposición de sanciones severas para aquellos casos extremos en que no exista duda alguna de la "irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas" y donde ha quedado al descubierto "el desinterés y abandono de la parte de su caso". Amaro González v. First Fed. Savs., supra, a la pág. 1051.
Los principios antes señalados son de la igual aplicación a la Regla 39.2 (b) de Procedimiento Civil, supra, que dispone lo siguiente:

*606
"El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga, no serán consideradas como un trámite a los fines de esta regla.

El juez administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el secretario, expongan por escrito razones por las cuales no deban desestimarse y archivarse los mismos". (Enfasis suplido.)'
III
En el caso de autos, debemos analizar por separado la aplicación de la Regla 39.2 (a) y 39.2 (b) a los hechos del mismo.
En cuanto a la Regla 39.2 (a), no surge del expediente ante nuestra consideración que el Tribunal de Primera Instancia, en primer lugar, sancionara a los abogados de Mulero por la situación que surgió a raíz de su petición de renuncia y la aceptación de la misma por parte del Foro apelado a través de la orden emitida el 3 de febrero de 1999. Cabe destacar que una vez el Foro de Primera Instancia aceptó la renuncia de los abogados, como éstos continuaron representando a Mulero, era su deber notificar la situación al Tribunal. El no hacerlo provocó que el Tribunal de Primera Instancia, por desconocer que Mulero continuaba con sus mismos representantes legales, tomara la decisión de desestimar la demanda. Con ello, los abogados de Mulero colocaron en grave riesgo la causa de acción de su representado, violando su deber de defender los intereses de su cliente diligentemente. Véase, Canon 18 de Código de Etica Profesional, 4 L.P.R.A. Ap. IX.
Realmente, lo que debió hacer el Tribunal de Primera Instancia fue sancionar por su conducta a los abogados del apelante y comunicar a Mulero personalmente sobre la situación. Luego, si se demostraba inequívocamente la falta de interés de Mulero en la tramitación del litigio, entonces como último recurso, era procedente la drástica sanción de la desestimación de su demanda.
De igual forma, tampoco procedía desestimar la demanda de autos bajo la Regla 39.2 (b) de Procedimiento Civil, supra, toda vez que el Tribunal de Primera Instancia no emitió la orden requerida contra Mulero para que explicara, de existir, sus razones para la inactividad en el caso. El desestimar y archivar la demanda de autos, sin haber dado oportunidad previa para que Mulero se expresara, no tan sólo viola el lenguaje claro de la Regla antes citada, sino también su razón de ser: que todos los casos se diluciden en sus méritos.
IV
Por los fundamentos antes expuestos, procedemos a revocar la Sentencia apelada. Se devuelve el caso al Tribunal de Primera Instancia para procedimientos ulteriores y para que le impongan una sanción de $200.00 a los abogados de Mulero.
Lo acuerda y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001DTA 12
1, A pesar de que obran en el expediente ante nos copia de los escritos que Mulero presentó ante el Tribunal de Primera Instancia, los mismos no contienen el ponche de presentación oficial de la secretaría del foro apelado.