Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| HÉCTOR MORENO TIRADO; NELSON MORENO TIRADO; EUGENIO MORENO TIRADO Y OTROS<br><br>Recurrida<br><br>v.<br><br>DARLENE ACEVEDO RUIZ; YARITZA ACEVEDO RUIZ; SUCN. DE JOSÉ ADÁN ACEVEDO MEDINA Y OTROS<br><br>Peticionaria | KLAN202500542 | Apelación acogida como *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala de AGUADA<br><br>Caso Núm.: AU2022CV00442<br><br>Sobre: Retracto de Comuneros |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de julio de 2025.

El 13 de junio del año en curso, el Sr. Jesús Morales Caro, la Sra. Dinora Nazario Morales y la Sociedad Legal de Gananciales por ambos compuesta (en adelante, los peticionarios) sometieron ante este Tribunal de Apelaciones una *Apelación*. Allí, solicitaron la revocación de la *Resolución Interlocutoria* emitida en el caso de epígrafe el 13 de mayo de 2025, notificada al día siguiente. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Aguada (en adelante, TPI o foro primario) declaró No Ha Lugar la *Moción de Relevo de Sentencia* sometida por los peticionarios.

El 18 de junio de 2025, emitimos *Resolución* mediante la cual acogimos el recurso de apelación como uno de *certiorari.* Ello, por tratarse de la revisión judicial de una determinación post sentencia. Estudiado el

Número Identificador

RES2025 _____

legajo apelativo, conforme al derecho más adelante consignado, resolvemos **denegar** la expedición del recurso de epígrafe.

-I-

El 20 de julio de 2022, el Sr. Héctor Moreno Tirado y las Sucesiones Eugenio Moreno Abadia y Etelbina Tirado Ruiz (en adelante, parte recurrida) presentaron una *Demanda* de retracto de colindantes contra varios demandados, entre los que se encuentran los peticionarios. El 2 de agosto de 2024, el foro primario dictó *Sentencia* en el caso mediante la cual concedió una solicitud de sentencia sumaria sometida por la parte recurrida. En consecuencia, ordenó a los recurridos a venderle a la parte recurrida la propiedad en controversia por el mismo precio que fue adquirida, más los costos del trámite. También dictaminó que estos deberían comparecer a suscribir los documentos legales necesarios a los fines de cumplir con la sentencia.

Frente a dicha sentencia el 4 de septiembre de 2024, los peticionarios instaron el recurso de apelación KLAN202400814 en el que señalaron la comisión de los siguientes errores:

> ERRÓ EL TPI EN DECLARAR HA LUGAR EL DERECHO A RETRACTO DE COLINDANTES EN UN CLARO ABUSO DE DISCRECIÓN POR NO ESTAR PRESENTES TODOS LOS DUEÑOS DE LA PROPIEDAD QUE RECLAMA EL DERECHO AL RETRACTO DE COLINDANTES, ENTIÉNDASE TODOS LOS COMPONENTES DE LA COMUNIDAD HEREDITARIA DENTRO DEL TÉRMINO DE 30 DÍAS ESTATUTARIO.

> ERRÓ EL TPI EN DECLARAR HA LUGAR EL DERECHO DE RETRACTO DE COLINDANTES SOBRE UNA FINCA NO AGRÍCOLA EN VIOLACIÓN AL LIBRE INTERCAMBIO DE BIENES.

El 31 de octubre de 2024, dicho recurso fue desestimado por este Tribunal de Apelaciones al estimar que no se acreditó justa causa por la cual no se notificó al TPI de la presentación del recurso. El 17 de enero de 2025, los peticionarios solicitaron el relevo de la sentencia.[1] Al hacerlo, alegaron que la sentencia dictada en el caso era nula "por ser contraria a derecho y

---

[1] Entrada Núm. 113 de SUMAC.

haberse dictado en violación a los requisitos *sine qua non* de la figura de retracto de colindantes, en clara violación al libre intercambio de bienes y debido proceso de ley." Habiéndosele concedido a la parte recurrida tiempo para expresarse en cuanto a este escrito, el 26 de febrero de este año así lo hizo mediante *Oposición a "Moción de Relevo de Sentencia"*. Atendidos ambos escritos, el 13 de mayo de 2025, el foro primario dictó la resolución recurrida. Inconforme con la misma, los peticionarios instaron el recurso de epígrafe y señalaron la comisión de los siguientes tres (3) errores:

> ERRÓ EL TPI EN DECLARAR HA LUGAR EL DERECHO A RETRACTO DE COLINDANTES EN UN CLARO ABUSO DE DISCRECIÓN POR NO ESTAR PRESENTES TODOS LOS DUEÑOS DE LA PROPIEDAD QUE RECLAMA EL DERECHO AL RETRACTO DE COLINDANTES, ENTIÉNDASE TODOS LOS COMPONENTES DE LA COMUNIDAD HEREDITARIA DENTRO DEL TÉRMINO DE 30 DÍAS ESTATUTARIO.

> ERRÓ EL TPI EN DECLARAR HA LUGAR EL DERECHO DE RETRACTO DE COLINDANTES SOBRE UNA FINCA NO AGRÍCOLA EN VIOLACIÓN AL LIBRE INTERCAMBIO DE BIENES.

> ERRÓ EL TPI EN DECLARAR NO HA LUGAR LA MOCIÓN DE RELEVO DE SENTENCIA A PESAR DE QUE LA MISMA A TODAS LUCES ES CONTRARIA A DERECHO Y POR TANTO, NULA.

Habiéndose acogido el mismo como un *certiorari* y concediéndosele término a la parte recurrida para expresarse, el 26 de junio de 2026, dicha parte sometió *Alegato en Oposición a Expedición de Certiorari*.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. <u>Rivera et al. v. Arcos Dorados et al.</u>, 212 DPR 194, 195 (2023) al citar a <u>McNeil Healthcare v. Mun. Las Piedras I</u>, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una

forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

*B.*

Como regla general, en nuestro ordenamiento jurídico toda sentencia dictada por un tribunal de justicia goza de la presunción de ser válida y correcta. Oriental Bank v. Pagán Acosta, 2024 TSPR 133, 215 DPR ____ y casos allí citados. Sin embargo, existe circunstancias particulares en las que una parte puede solicitar el relevo de los efectos de una sentencia previamente dictada en su contra. *Íd.*, al citar a Lopez García v. López García, 200 DPR 50, 59 (2018).

A tales efectos, la Regla 49 de Procedimiento Civil, *supra,* dispone lo siguiente:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;
(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
(d) nulidad de la sentencia;
(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6)

meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de certiorari de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea incompatible con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación para solicitar el referido permiso.

Del lenguaje de la transcrita regla se desprende que una solicitud de relevo de sentencia deberá presentarse dentro de un término razonable, más nunca cuando han transcurrido seis (6) meses. No obstante, si el fundamento para solicitar el relevo de la sentencia se basa en la nulidad de esta, tal plazo es inaplicable y el tribunal vendrá obligado a relevarla. Véase, Oriental Bank v. Pagán Acosta, *supra*; HRS Erase v. CMT, 205 DPR 689, 699 (2020). Por consiguiente, ante una sentencia dictada sin jurisdicción sobre la persona o sobre la materia, o cuando se trata de un dictamen que ha quebrantado el debido proceso de ley de una parte, como lo sería una sentencia dictada sin acumularse una parte indispensable, los tribunales están obligados a relevarla, ya sea a solicitud de parte o a instancia propia.[2]

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, debe interpretarse liberalmente, nuestro Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. Vázquez v. López, 160 DPR 714, 726 (2003) al citar a Pagán

---

[2] Oriental Bank v. Pagán Acosta, *supra,* al citar a López García v. López García, *supra*; Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, San Juan, Lexis Nexis, págs. 456-457, Sec. 4807; Rivera Torres v. Díaz López, 207 DPR 636, 657 (2021).

v. Alcalde Mun. de Cataño, 143 DPR 314, 328 (1997); Olmeda Nazario v. Sueiro Jiménez, 123 DPR 294, 299 (1989). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. Garriga Gordils v. Maldonado Colón, 109 DPR 817, 822 (1980); Fine Art Wallpaper v. Wolff, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba.  Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. García Colón et al. v. Sucn. González, 178 DPR 527, 542-543 (2010).

### -III-

Tal como arriba enunciamos, los peticionarios señalaron la comisión de tres (3) errores. En el último de este, aseveran que el TPI se equivocó al denegar su petición para el relevo de la sentencia. Para ello, afirman que la acción de retracto no fue instada conforme a derecho, pues no hubo consentimiento de todos los coherederos que conforman las sucesiones demandantes para iniciar el pleito.  A su vez, negó la disponibilidad de la acción en favor de la parte recurrida, pues la finca en controversia, aunque descrita como rústica, trataba de una propiedad destinada a uso residencial en una zona urbana. Basándose en tales entendidos, los peticionarios argumentan que es claro que estamos ante una sentencia nula por violación al debido proceso de ley por lo que amerita relevárseles de dictamen impugnado.

El derecho aplicable arriba consignado demarca las instancias en las que puede invocarse la Regla 49.2 de Procedimiento Civil para solicitar el relevo de una sentencia. Reconocemos que, entre estas, se encuentra la nulidad de la sentencia. No obstante, al examinar cada uno de los argumentos levantados por los peticionarios, quedamos convencidos de

que estos planteamientos son de aquellos que deben objeto de una apelación, pues son asuntos de estricto derecho.[3] Por consiguiente, no están contemplados entre las instancias enumeradas por la Regla 49.2 de Procedimiento Civil, *supra*, para que se permita relevar a una parte de una sentencia dictada. Siendo ello así, no encontramos ninguno de los criterios enunciados en la Regla 40 de nuestro Reglamento para mover nuestra discreción a intervenir.

## -IV-

Por las razones antes esbozadas, denegamos expedir el auto solicitado por los peticionarios.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] De hecho, no escapa a nuestra atención que la solicitud de relevo de sentencia de los peticionarios ante el TPI, así como el recurso ante nos, descansa primordialmente en los señalamientos de error levantados en el recurso de apelación KLAN202400814. Este, como ya hemos indicado, fue desestimado.

Asimismo, advertimos que los planteamientos presentados en apoyo de tales señalamientos son esencialmente los mismos sometidos dentro de la *Moción en Solicitud de Desestimación* que los peticionarios presentaron en el pleito el 25 de agosto de 2023 (Entrada Núm. 67 de SUMAC) y que fue declarada No Ha Lugar mediante *Resolución* del 4 de octubre de 2023 (Entrada Núm. 79 de SUMAC). Nos resulta claro que lo que los peticionarios pretenden con su solicitud de relevo de sentencia es obtener una revisión tardía sobre los asuntos de estricto derecho traídos en apelación, más no fueron atendidos ante la desestimación decretada sobre su recurso.