ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **ASOCIACIÓN RECREATIVA RESIDENTES LA VISTA INC.**<br><br>Recurrido<br><br>v.<br><br>**SANDY DANILO ROBLES BERAS**<br><br>Peticionaria | KLCE202500663 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Municipal de **San Juan**<br><br>Civil Núm.:<br>**SJ2024CV09148**<br><br>Sobre:<br>Cobro de Dinero Regla 60 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de julio de 2025.

Comparece ante nos el señor Sandy Danilo Robles Beras (Sr. Robles Beras o peticionario) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Municipal de San Juan (TPI), el 16 de mayo de 2025.[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar la *Moción de Relevo de Sentencia por Nulidad del Emplazamiento y Moción de Desestimación* presentada por el Sr. Robles Beras el 28 de abril de 2025.[2]

El 9 de julio de 2025, la Asociación Recreativa Residentes La Vista Inc. (parte recurrida) radicó un *Memorando en Oposición.*

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto solicitado.

---

[1] Apéndice del recurso de *certiorari*, Anejo 19, págs. 61-62. Notificada y archivada en autos el 19 de mayo de 2025.
[2] *Íd.*, Anejo 15, págs. 42-48.

Número Identificador
RES2025 _____

# I.

El caso de marras tiene su génesis el 2 de octubre de 2024 cuando la parte recurrida presentó una *Demanda* sobre cobro de dinero en contra del Sr. Robles Beras.[3] Adujo que este le adeudaba la cantidad de $14,804.30 por concepto de cuotas de mantenimiento, al igual que derramas y gastos extraordinarios operacionales del sistema de acceso controlado, seguridad y mantenimiento de áreas vecinales de la parte recurrida. Arguyó que le reclamó al Sr. Robles Beras dicha suma, pero este se negó a pagar la misma, a pesar de haber estado vencida, líquida, y exigible.

Ante tales circunstancias, el foro primario expidió una *Notificación-Citación sobre Cobro de Dinero* el 2 de octubre de 2024 dirigida al peticionario.[4]

El 30 de octubre de 2024, la parte recurrida presentó una *Moción sobre Notificación-Citación.*[5] Informó que, el 3 de octubre de 2024, le envió al peticionario dicha notificación-citación, junto a una copia de la *Demanda*, por correo y con acuse de recibo dirigida a la última dirección postal conocida de él. La parte recurrida acompañó su moción con un "Detail Report", el cual informaba y confirmaba la dirección a la cual fue enviada dicha notificación-citación. Además, adjuntó el acuse de recibo provisto por UPS y el estado de cuenta acreditativo de la deuda.

El 6 de noviembre de 2024, se celebró una vista en su fondo, a la cual compareció la parte recurrida, no así el Sr. Robles Beras.[6] En lo pertinente, el foro sentenciador determinó que surgía del expediente evidencia del diligenciamiento de la notificación-citación del peticionario, más sin embargo no compareció por escrito, no había un representante de este en la sala de espera virtual ni surgió

---

[3] *Íd.*, Anejo 1, págs. 1-7.
[4] *Íd.*, Anejo 2, págs. 8-10.
[5] *Íd.*, Anejo 6, págs. 16-19.
[6] *Íd.*, Anejo 8, pág. 21.

comunicación relacionada a la comparecencia o incomparecencia del peticionario.

En virtud de ello, el foro primario dictó una *Sentencia en Rebeldía* el 6 de noviembre de 2024 en contra del peticionario debido a que no compareció a la vista celebrada, no contestó la *Demanda* dentro del término concedido, ni presentó escrito alguno ante el foro primario, aun cuando fue debidamente notificado y citado.[7] En su consecuencia, el foro *a quo* declaró Ha Lugar la *Demanda* presentada por la parte recurrida, y condenó al peticionario a pagarle a la parte recurrida la suma de $14,898.80 acumulada hasta el 17 de octubre de 2024, por concepto de cuotas de mantenimiento, intereses, y penalidades. Advirtió que dicha deuda aumentaba a razón de $90.00 mensuales, más intereses y penalidades. Además, le concedió a la parte recurrida la suma de $4,430.79 por concepto de honorarios de abogado.

La parte recurrida radicó una *Moción Solicitando Ejecución de Sentencia* el 14 de febrero de 2025,[8] la cual fue declarada Con Lugar el 20 de febrero de 2025 por el foro primario.[9]

Por su parte, el 28 de abril de 2025, el Sr. Robles Beras presentó una *Moción de Relevo de Sentencia por Nulidad del Emplazamiento y Moción de Desestimación*. Alegó que la parte recurrida no acompañó la *Moción Sobre Notificación-Citación* con evidencia de que la notificación-citación fue diligenciada mediante correo certificado con acuse de recibo, según la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, y que, siendo la notificación-citación defectuosa, el foro primario no adquirió jurisdicción sobre su persona. Por otra parte, sostuvo que hubo

---

[7] *Íd.*, Anejo 9, págs. 22-23. Notificada y archivada en autos el 7 de noviembre de 2024.
[8] *Íd.*, Anejo 12, págs. 27-31.
[9] *Íd.*, Anejo 13, págs. 32-36. Notificada y archivada en autos el 20 de febrero de 2025; véase además, *Íd.*, Anejo 14, págs. 37-41. Notificada y archivada en autos el 20 de febrero de 2025.

insuficiencia en el trámite de la notificación-citación debido a que la parte recurrida presentó la *Demanda* el 2 de octubre de 2024 y no cumplió con el término de diez (10) días para diligenciar la notificación, conforme la Regla 60 de Procedimiento Civil, *supra.* Por todo lo anteriormente expuesto, el peticionario solicitó del foro *a quo* el relevo de los efectos de la *Sentencia en Rebeldía*, conforme la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2; que declarara nula la notificación de la citación por incumplir con la Regla 60 de Procedimiento Civil, *supra*; al igual que la desestimación de la *Demanda.*

En respuesta, el 14 de mayo de 2025, la parte recurrida presentó una *Oposición a Moción de Relevo de Sentencia por Nulidad del Emplazamiento y Moción de Desestimación.*[10] En esta, alegó que la notificación-citación fue diligenciada mediante el servicio privado de correo UPS, utilizando un método con número de rastreo que le brindó a la parte recurrida evidencia de la entrega a la dirección exacta del peticionario. Sostuvo también que el "Proof of Delivery" demostraba que los documentos fueron entregados a "Robles", y que había una anotación que mostraba que no se trató de un simple "drop-off." Además, indicó que la Regla 60 de Procedimiento Civil, *supra,* no exigía expresamente que el correo certificado fuese uno en particular ni tampoco requería que la correspondencia estuviese acompañada de acuse de recibo. Asimismo, alegó que el peticionario fue debidamente notificado y citado, por lo que suplicó del foro primario que declarara No Ha Lugar la *Moción de Relevo de Sentencia por Nulidad del Emplazamiento y Moción de Desestimación*, y en cambio, autorizara la continuación de las gestiones de cobro post-sentencia.

---

[10] *Íd.*, Anejo 17, págs. 50-56.

Posteriormente, el 15 de mayo de 2025, el Sr. Robles Beras reiteró su solicitud de relevo de sentencia y desestimación.[11]

El 16 de mayo de 2025, el foro primario emitió una *Resolución Interlocutoria* en la que denegó la *Moción de Relevo de Sentencia por Nulidad del Emplazamiento y Moción de Desestimación.*

Inconforme con dicha determinación, el 13 de junio de 2025, el peticionario acudió ante nos mediante un recurso de *certiorari* y señaló como único error que:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE SAN JUAN, AL DECLARAR NO HA LUGAR LA MOCIÓN DE RELEVO DE SENTENCIA POR NULIDAD DEL EMPLAZAMIENTO Y MOCIÓN DE DESESTIMACIÓN; PRESENTADA POR EL PETICIONARIO.**

Por su parte, la parte recurrida radicó un *Memorando en Oposición* el 9 de julio de 2025. Reiteró los mismos planteamientos de la oposición a la solicitud de relevo de sentencia y desestimación. Además, adujo que el peticionario no alegó que nunca recibió la notificación, ni que la dirección a la cual se le notificó la citación y copia de la demanda no era la dirección correcta. Sostuvo que para establecer que la dirección del peticionario fuese la correcta, el foro primario solicitó mediante una *Orden* del 3 de octubre de 2024,[12] una certificación registral de la propiedad del peticionario. Arguyó que, por medio de una moción en cumplimiento,[13] sometió una certificación registral de la propiedad del peticionario, la cual establecía que la propiedad estaba ubicada en la Urbanización La Vista de Sabana Llana, Solar: 11-K. También planteó que relevar a una parte de los efectos de una sentencia era una determinación discrecional, salvo los casos de nulidad o cuando la sentencia no ha sido satisfecha. Por último, sostuvo que el servicio que utilizó no solo era certificado, sino que incluía acuse de recibo, aunque no lo

---

[11] *Íd.*, Anejo 18, págs. 57-60.
[12] *Íd.*, Anejo 3, pág. 11.
[13] *Íd.*, Anejo 4, págs. 12-14.

requería la Regla 60 de Procedimiento Civil, *supra*; y que dicha regla tampoco establecía que la falta del uso del correo certificado tradicional del United States Postal Service (USPS) federal invalidaba la notificación.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, delimita las instancias en las que procede que el Tribunal de Apelaciones expida el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019). La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución interlocutoria bajo remedios provisionales de la Regla 56 de Procedimiento Civil, *supra*, R. 56; *injunctions* de la Regla 57 de Procedimiento Civil, *supra*, R. 57; o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*; véase, además, *Scotiabank de Puerto*

*Rico v. ZAF Corporation, supra,* pág. 487. **Según lo dispuesto en la Regla 52.1 de Procedimiento Civil,** *supra,* **al denegar la expedición de un recurso de** *certiorari,* **el Tribunal de Apelaciones no tiene que fundamentar su decisión.**

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012). A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 735-736 (2018). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, *supra*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

La Regla 60 de Procedimiento Civil, *supra*, establece un proceso sumario de cobro de dinero. El propósito primordial de la referida regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 97 (2002) (Énfasis suplido en el original eliminado). En particular, la Regla 60 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda

tramitar el caso bajo el procedimiento ordinario, **la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 <u>o por correo certificado</u>.**

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. **En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra**.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

(Énfasis suplido).

Por otro lado, en una acción de cobro de dinero, la parte demandante tiene que probar ser la acreedora de una deuda vencida, líquida y exigible. *RMCA v. Mayol Bianchi,* 208 DPR 100, 109 (2021). Sobre ese particular, el Tribunal Supremo de Puerto Rico definió que es "líquida" aquella deuda cierta y

determinada, mientras que se considera "exigible" porque puede demandarse su cumplimiento. *RMCA v. Mayol Bianchi, supra,* pág. 109. Es decir que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido". *RMCA v. Mayol Bianchi, supra,* pág. 109 (*citando a Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950)) (Énfasis suplido en el original eliminado).

La responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante. *Cooperativa v. Hernández Hernández,* 205 DPR 624, 633 (2020). La expedición de la notificación-citación igualmente es un trámite ágil pues, según la precitada Regla 60 de Procedimiento Civil, *supra,* tan pronto la secretaria o secretario del TPI recibe el proyecto de notificación-citación y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla inmediatamente para que la parte demandante gestione el diligenciamiento. *Cooperativa v. Hernández Hernández, supra.*

En lo concerniente a este aspecto, la Regla 60 de Procedimiento Civil, *supra,* permite que la persona promovente de la acción seleccione la forma en que diligenciará la notificación-citación, a saber: **por correo certificado** o mediante entrega personal conforme a lo dispuesto en la Regla 4 de Procedimiento Civil, *supra,* R. 4. Además, nuestro foro resolvió que:

> **No importa cuál de estas dos opciones prefiera la parte demandante, lo transcendental es que la notificación-citación de la persona promovente sea diligenciada dentro de los diez (10) días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida de la parte deudora contra quien pesa una reclamación líquida y exigible.**
>
> *Cooperativa v. Hernández Hernández, supra,* pág. 635. (Énfasis suplido en el original).

La notificación-citación tiene una función dual. Por un lado, notifica a la parte demandada sobre la reclamación en cobro de dinero presentada en su contra y, por otro lado, la parte promovida es citada para la vista en su fondo. *Cooperativa v. Hernández Hernández, supra,* pág. 635 (*citando a Asoc. Res. Colinas Metro v. S.L.G., supra,* pág. 98). Además, "[e]n la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra". Regla 60 de Procedimiento Civil, *supra.*

Precisamente, para que un dictamen en rebeldía prevalezca en un litigio de cobro de dinero, el foro primario se cerciorará de que: (1) la parte demandada tiene a su favor una deuda líquida y exigible; (2) que la persona deudora es la demandada, y (3) que la notificación-citación a este efectivamente se realizó. *Asoc. Res Colinas Metro v. S.L.G., supra,* pág. 99. La anotación de rebeldía podrá hacerla el tribunal a iniciativa propia o a moción de parte. Regla 45.1 de Procedimiento Civil, *supra.* De realizarse dicha anotación, tendrá el efecto de que se den por admitidos todos los hechos alegados en la demanda y se autoriza al tribunal para que dicte sentencia, si es que procede como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

## C.

Toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. *López García v. López García,* 200 DPR 50, 59 (2018). No obstante, los tribunales pueden relevar a una parte de los efectos de una sentencia, orden o procedimiento por las razones definidas en la Regla 49.2 de Procedimiento Civil, *supra.* Solo en ciertos escenarios muy particulares nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente

dictada en su contra. *López García v. López García, supra.* Las razones que provee la referida regla son las siguientes: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (3) la existencia de fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (4) nulidad de sentencia; (5) la sentencia fue satisfecha o renunciada; (6) la sentencia anterior en la cual se fundaba fue revocada; (7) no sería equitativo que la sentencia continúe en vigor; o (8) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

La persona que se ampara en la Regla 49.2 de Procedimiento Civil, *supra*, debe aducir al menos una de las razones antes enumeradas. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010). El precepto debe interpretarse liberalmente y cualquier duda debe resolverse a favor de la persona que solicita que se deje sin efecto una sentencia o anotación de rebeldía, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos. *García Colón et al. v. Sucn. González, supra*, pág. 541. No obstante, nuestro Tribunal Supremo ha señalado que, como regla general, la determinación de relevar a una parte de los efectos de una sentencia está supeditada a la discreción del foro sentenciador. *López García v. López García, supra*, pág. 61. Ello encuentra su excepción en los casos de nulidad o cuando la sentencia ha sido satisfecha. *López García v. López García, supra*, pág. 61; *García Colón et al. v. Sucn. González, supra*; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823-824 (1980). Es decir, resulta mandatorio decretar nula la sentencia y declarar su inexistencia jurídica. *García Colón et al. v. Sucn. González, supra.*

**III.**

Luego de un análisis objetivo y cuidadoso del expediente original del TPI y de los escritos apelativos, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Por ende, ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, denegamos el mismo.

**IV.**

Por las razones discutidas anteriormente, denegamos expedir el auto de *certiorari* y devolvemos el caso al TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones